CLAUS STELLING, *Appellant*, v. THE CITY OF KANSAS CITY *et al.*, *Appellees*.

No. 17,189.

SYLLABUS BY THE COURT.

1. STATUTES—*Presumed Valid—Record Claimed to Show Invalidity of Must be Pleaded.* Error will not be predicated upon a judgment rendered in accordance with a duly certified and published statute of the state because of an adverse pleading that some constitutional requirement was not observed in one branch of the legislature in passing the act—no record being exhibited to sustain the contention.

2. ——— *Same.* Acts of the legislature are presumed to be constitutional and valid and no challenge thereof should be entertained unless the particular constitutional provision alleged to be violated or the particular controlling record to prove the invalidity be pleaded.

· Appeal from Wyandotte district court. Opinion filed July 7, 1911. Affirmed.

*J. M. Mason*, for the appellant.

*Nathan Cree*, and *R. J. Higgins*, for the appellees.

The opinion of the court was delivered by

SMITH, J.: The amended reply raised an issue of fact as to whether the statute in question was legally enacted, of which fact it was the duty of the court to take cognizance without evidence. (*Division of Howard Co.*, 15 Kan. 194; *City of Topeka v. Gillett*, 32 Kan. 431, 437.)

The raising of such an issue does not present a question of fact for trial, but the court, if not personally informed of what the records show, examines the published statute and such other records as are brought to its attention, and thereon decides the question. An act published, as approved by the governor, in a statute book of the state, duly certified by the secretary of state, is usually sufficient to guide the court in its de-

termination. If, however, the records of either house of the legislature demonstrate that a constitutional requirement has not been complied with and that a controlling mistake has occurred, the attention of the court may be called thereto, and cognizance thereof will be taken.

While the courts of the state are held to take judicial notice of all records of the legislature and the laws enacted, as well as the decisions of the courts of last resort, it is not to be expected, nor possible, that all these matters are carried in the memory of any man, nor that any man ever, in fact, had actual knowledge of the details therein involved. Resort must constantly be had by the courts to the authorized sources of information. As to the statute law of the state, the duly certified and published acts of the legislature, approved by the governor, are, as before said, such authorized source of information. It does not appear that any record was pleaded or that the attention of the court was called to any record of either branch of the legislature which even tended to prove that any constitutional requirement had not been complied with in the passage of the act, and hence no error is made to appear.

It would be intolerable to the administration of justice that, in the trial of private rights, the duly authenticated acts of the legislature, published as the laws of the state, should be drawn in question by the allegation that some formal requirement to the enactment thereof had not been complied with, and that, without the presentation of any record to sustain the contention, an appeal should be sustained from a judgment of the court—the judgment being in accordance with the published law, and no error appearing therein.

The judgment is affirmed.