No. 38,172

In the Matter of Wimberly Chapel Baptist Church of Osage County; THE MISSIONARY BAPTIST STATE CONVENTION OF KANSAS, *Appellant*, v. THE WIMBERLY CHAPEL BAPTIST CHURCH OF OSAGE CITY, KANSAS, I. B. BUCKNER, et al., *Appellees.*

(228 P. 2d 540)

Opinion filed March 10, 1951.

*P. A. Townsend,* of Topeka, argued the cause and was on the briefs for the appellant.

No appearance for the appellees.

The opinion of the court was delivered by

WERTZ, J.: This was an action by the Missionary Baptist State Convention of Kansas, a religious corporation, for an order dissolving and declaring extinct the Wimberly Chapel Baptist Church of Osage City, Kansas, and transferring its property to the Missionary Baptist State Convention under G. S. 1949, 17-1713a, 17-1713b and 17-1713c. Plaintiff has appealed from an order of the trial court holding the mentioned statutes unconstitutional.

Appellant, the Missionary Baptist State Convention, filed its application in the lower court for an order declaring the Wimberly Chapel Baptist Church extinct, its application alleging in substance that E. B. Hicks is the executive secretary of the Missionary Baptist State Convention, a religious corporation, duly organized and existing under the laws of Kansas, and authorized and empowered to transact business in this state; that he is duly authorized by the corporation to file this action asking the court to declare

Wimberly Chapel Baptist Church of Osage City, Kansas, extinct, and asking for an order declaring said church extinct and vesting title to the church property in the Missionary Baptist State Convention, describing the property; that the Wimberly Chapel Baptist Church comes within the provisions of G. S. 1949, 17-1713a, 17-1713b and 17-1713c; that the membership of the Wimberly Chapel Baptist Church is so diminished in number and financial strength as to render it impossible and impracticable for said church to maintain religious services or to protect its property from depletion; that the trustees elected by said Wimberly Chapel Baptist Church at the time when the church was functioning have died or moved away and there are no qualified successors; that said church should be dissolved and declared extinct, and the title and possession of property of the church should vest in the Missionary Baptist State Convention; and continues with a prayer for the relief requested. The application was duly verified, and summonses were issued and notice served as directed by the lower court. No answer or other pleading was ever filed by the Wimberly Chapel Baptist Church or any of its alleged officers or members.

After answer day and in due time, appellant presented its evidence to sustain the application. The Reverend E. B. Hicks testified that he is the executive secretary of the Missionary Baptist State Convention, a religious corporation duly authorized and existing under and by virtue of the laws of Kansas, with headquarters located in Topeka, Kansas; that Wimberly Chapel Baptist Church is a part of the organization of the Missionary Baptist State Convention and that said Wimberly Chapel has ceased to exist as a church; that it became a part of the state convention by vote of the membership and participated in the over-all program of the state convention and as such, under the church rules and laws, the state convention had jurisdiction over it; Wimberly Chapel has not functioned as a church in accordance with the tenets of the state convention for about ten years; there still remain about five members; the church property has depreciated; some time ago, someone sold the parsonage, had it torn down and removed from the church property without authority, and there is no one to protect the church property now in dilapidated condition; that he made a personal survey of the situation and that Wimberly Chapel has made no report to the state convention as is required, nor has it recently attended the annual meetings. Wimberly Chapel has had

no pastor since about 1940; when the last pastor was there, it was considered a mission station because it was unable to afford a full-time minister and the convention underwrote part of the expense, and when he left, no effort was made to secure another pastor. One of his (Hick's) duties was to visit the churches and see if they were functioning in accordance with the usual tenets of the Baptist Church; that this church is not; when it ceased to operate as a Baptist Church and stopped making reports and attending the annual sessions, it lost its status.

I. B. Buckner, the only remaining member who appeared at the trial, testified: That Wimberly Chapel does not have regular services; that he is the only remaining member of the church he knows of; that he sold the parsonage because others were beating his time disposing of it and he knew if he didn't get rid of it, it would soon be gone; that on request, he turned the money over to the county attorney; that he is willing for the property to be turned over to the state convention; there are no young people in the church and it is in bad repair as it has been locked up for months; he doesn't know when the church had a meeting to transact business; it had been years; the last services were held by the Methodists. At the conclusion of his testimony, the court said:

"Now Mr. Buckner has come over, and he says that the Church is reduced to the place where he is the only authentic member, and he gives a rather gloomy outlook for the possibility of continuance, and he says that he is willing that this property be turned over to the Missionary Baptist Convention."

No appearance was made in the lower court on behalf of Wimberly Chapel Baptist Church and as a result, nothing was filed on its behalf in this court.

The lower court took the case under advisement, and subsequently on the 13th of May rendered judgment holding G. S. 1949, 17-1713a, 17-1713b, and 17-1713c to be unconstitutional and wholly void and by reason thereof, that no jurisdiction was conferred on the court to determine the issues involved, and the cause was dismissed.

Appellant brings the case here and assigns as error the court's ruling on the constitutionality of the mentioned statutes. Those statutes are as follows:

17-1713a. "That all property, both real and personal, belonging to or held in trust for any colored Baptist church or any colored Baptist religious society that has or shall become extinct, shall vest in and become the property of the missionary Baptist state convention of Kansas and its successors and assigns:

*Provided,* That this act shall not affect the revisionary interests of any person or persons in such property or any valid lien thereon."

17-1713b. "That any colored Baptist church or colored Baptist religious society in this state which has ceased or failed to maintain religious worship or services or to use its property for religious worship or services according to the tenets, usages, and customs of Baptist churches in this state for the space of two consecutive years immediately prior thereto, or whose membership has so diminished in numbers or in financial strength as to render it impossible or impracticable for such church or society to maintain religious worship or services, or to protect its property from exposure to waste and dilapidation, or to fulfill the purpose for which it was incorporated, shall be deemed and taken to be extinct, and may by an order of the district court of the county in which such society has been theretofore situated be so declared, and thereupon dissolved, and the property of such church or society, or property which may be held in trust for such church or society, be transferred to, and the title and possession thereof vested in the said the missionary Baptist state convention of Kansas."

17-1713c. "That an application for such an order and disposition of property may be made by any member or officer of the missionary Baptist state convention of Kansas, or by any member of such church or society, when duly authorized thereto by the executive board of said missionary Baptist state convention, upon a verified petition setting forth the facts authorizing such order and disposition of property. Upon the presentation of such petition to the district court such court may proceed in a summary manner, after such notice as the court may prescribe, to inquire into the merits of such application; and if upon examination by the court it shall satisfactorily appear that the making of the order and disposition of the property applied for is necessary or proper, for any of the causes mentioned in section 2 [17-1713b] of this act, such court may make a final order, declaring such church or society extinct and dissolving the same, and transferring any property and the title and possession thereof which may belong to such church or society, or held in trust for such church or society, and vesting the same in the missionary Baptist state convention of Kansas; it being the intent and purpose of this act to preserve to the Baptist denomination aforesaid of this state all property owned by or held in trust for any such church or society for religious uses."

At the outset, it is noted that appellant's verified application complied with the statutes in all respects; that service of summons was had on all parties to be affected thereby, that no appearance or answer was filed on the part of defendant denying any of the allegations contained in the application. Moreover, appellant's evidence amply sustained the allegations of the application. The question of constitutionality of the statutes in question was neither raised in the pleadings nor presented by the parties to the action at any stage of the proceedings.

It may be stated that while courts will not refuse to pass on the

constitutionality of statutes in any proceeding in which such determination is necessarily involved, unnecessary consideration of attacks on their validity will be avoided and courts will not assume to pass upon constitutional questions unless they are properly before them. (11 Am. Jur. 720, §93) As a general principle, courts will not pass upon the constitutionality of acts of the legislature if the merits of the case in hand may fairly be determined otherwise without so doing. (11 Am. Jur. 723, §94) The general rule of law is well stated in 16 C. J. S. 220-225, that a court will not inquire into the constitutionality of a statute on its own motion; that only those constitutional questions which are duly raised and insisted upon and are adequately argued will be considered. Accordingly the invalidity of a statute, to be relied on, must ordinarily be specifically raised by the pleadings. *Goldwater v. Superior Court,* 49 Ariz. 260, 66 P. 2d 233, is authority for this point, in which case it was held that the question of constitutionality of a law will not be considered where the question was not briefed and was not suggested when application was made. See also *State ex rel v. Nolte,* 315 Mo. 84, 285 S. W. 501; *Jahn v. Berzon,* 255 App. Div. 1023, 8 N. Y. S. 2d 640; *Smith v. City of Buffalo,* 191 Misc. 439, 78 N. Y. S. 2d 540; *State v. McInerney,* 63 Wyo. 280, 182 P. 2d 28; *State ex rel. Rand v. Seattle,* 13 Wash. 2d 107, 124 P. 2d 207. This court stated in *The State v. Dolley,* 82 Kan. 533, 108 Pac. 846:

"A court will undertake to pass upon the validity and effect of a statute only when necessary to the determination of an actual and concrete controversy."

We again held in *Stelling v. Kansas City,* 85 Kan. 397, 116 Pac. 511:

"Acts of the legislature are presumed to be constitutional and valid and no challenge thereof should be entertained unless the particular constitutional provision alleged to be violated or the particular controlling record to prove the invalidity be pleaded."

In the instant case, we find nothing in the record to justify the trial court in raising, on its own motion, the question of constitutionality of the foregoing statutes. It will be time enough for the court to pass on the validity of the statutes in that regard when, in a proceeding, the question is properly raised by some party who is hurt thereby, and when it is properly presented and briefed to the lower and appellate courts. The question of the constitutionality of these statutes was not before the lower court and as a consequence is not before this court.

The record discloses that the appellant brought itself within the provisions of the mentioned statutes in the instant case, both by its pleadings and its evidence, and that it was entitled to judgment for the relief prayed for.

The judgment of the lower court is reversed and the case remanded with instructions to set aside the dismissal, reinstate the case, and enter judgment for appellant.

HARVEY, C. J. dissents