No. 39,656

AUDRA WILLOUGHBY, *Appellee,* v. JOHN WILLOUGHBY, *Appellant.*

(283 P. 2d 428)

Opinion filed May 7, 1955.

*John E. Shamberg,* of Kansas City, argued the cause, and *Joseph Cohen, Charles S. Schnider, Thomas E. Joyce, Joseph P. Jenkins,* and *Norma Braly,* all of Kansas City, were with him on the briefs for the appellant.

*Howard E. Payne,* of Olathe, argued the cause, and *Herbert L. Lodge,* of Olathe, and *Paul Van Osdol, Jr.,* of Kansas City, Missouri, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action brought in the Johnson County district court by appellee Audra Willoughby, hereinafter referred to as plaintiff, against appellant John Willoughby, hereinafter referred to as defendant, for division of property and alimony, under G. S. 1949, 60-1518, resulting from a decree of divorce granted the husband in the state of Nevada. From the judgment entered by the trial court, defendant appeals.

Defendant, a widower, and plaintiff, a widow, were married in California in 1946. No children were born of the marriage. Defendant was a regional sales supervisor for a Kansas City life insurance company, his territory embracing several of the central and western states. The parties resided in Kansas City. In the spring of 1953, defendant went to Nevada and established the necessary residence, and in July of that year filed a complaint in the Nevada court alleging that he and the plaintiff, in the instant case,

were married in 1946; that they were husband and wife; that there were no minor children of the marriage, and no community property belonging to the plaintiff or defendant in the state of Nevada; also alleging grounds of extreme cruelty, and asking that he be granted a divorce. Constructive service was had on Mrs. Willoughby in Kansas in accordance with the Nevada laws, and on August 18, 1953 she was declared in default for failure to appear or plead in that action. On August 21, 1953, the Nevada court found Mr. Willoughby, plaintiff in the Nevada proceeding, to be domiciled in Nevada; that there was no community or other property belonging to either party in the state of Nevada, and further found Mrs. Willoughby to have been guilty of extreme cruelty, and granted Mr. Willoughby an absolute divorce from Mrs. Willoughby on that ground. Thereafter, on October 14, 1953 plaintiff, Mrs. Willoughby, brought the instant action in the district court of Johnson County for divorce, division of property and other equitable relief. The defendant, Mr. Willoughby, filed a motion to strike the petition and dismiss the action, setting up the decree of divorce previously granted him in the state of Nevada. Plaintiff filed her amended petition alleging the Nevada decree was void; that she was at all times a resident of the state of Kansas; was not personally served with summons, made no appearance in that action; that the Nevada decree did not adjudicate the property rights between the parties or her right to alimony, and further alleging the court in the instant action had jurisdiction to determine alimony and property rights of the parties under G. S. 1949, 60-1518. The amended petition listed the property owned by the respective parties, both before and after their marriage, the amount of defendant's income, and closed with a prayer that the Nevada decree be declared void, and that the plaintiff be divorced from the defendant or, in the alternative, in the event the Nevada decree be adjudged valid, then the court adjudicate the property rights between the parties and the amount of alimony due the plaintiff, and for other equitable relief. The defendant entered his appearance and filed his answer and cross-petition, setting up the decree of divorce granted him in the state of Nevada, alleging that the same was final; that the parties were no longer husband and wife; that the plaintiff had no right or claim for alimony, and further alleged by way of cross-petition:

"That since the granting of the divorce in the District Court of Nevada,

above set out, in case No. 146,850, on August 21st, 1953, that this Defendant, under the provisions of Section 60-1518, G. S. Kansas for 1949, is entitled to have this Court try and determine the property rights of the parties which lies within the jurisdiction of this Court, which they owned prior to August 21st, 1953, as the same relates to property that was separately acquired and owned by the parties before their marriage to each other, and also property that came to each of said parties from sources that did not include the joint efforts of the parties, and also property in their hands that was acquired by their joint efforts since their marriage to each other; that under the provisions of said Section 60-1518, the court adjudicate the rights of the parties herein all and singular such property, and award the same to the party lawfully entitled to the same."

Plaintiff and defendant each furnished the court a list of their individual properties. After hearing the evidence, the trial court made findings of fact and rendered judgment upholding the Nevada decree of divorce obtained by Mr. Willoughby in August, 1953, and entered judgment setting over to the respective parties their individual property determined by such findings; awarded the plaintiff the home property, household furniture and appliances therein located, and granted plaintiff judgment against the defendant in the sum of $12,500, which was made a lien on certain shares of stock owned by and awarded to defendant.

Defendant filed a motion for new trial in which he contended the trial court was restricted to a division of the property owned by the parties prior to the marriage; that the statute made no provision for the allowance of alimony; that the findings and award of property were not supported by evidence, and that the court failed to make a full, fair and complete adjustment of the property rights. From an order overruling the motion, defendant appeals.

Defendant contends that since he obtained the Nevada divorce decree due to the fault of the wife, on constructive service, the trial court in the instant case had no authority to award alimony. At the outset, it may be stated the trial court gave full faith and credit to the Nevada decree of divorce insofar as it severed the marriage relations between the plaintiff and defendant, and proceeded with the trial to determine the property rights of the parties and alimony due the plaintiff. Defendant's complaint for divorce filed in Nevada stated specifically there was no community property belonging to the parties in the state of Nevada. The Nevada court found, and the decree so ordered, that there was no community

or other property belonging to the parties in the state of Nevada, and the judgment of the Nevada court was limited merely to dissolving the marriage relation. The Nevada court in apparent recognition of our statutes found it had no jurisdiction over the property rights of the parties, or to make an order with reference to a division of property or alimony, when only constructive service was had upon the plaintiff in the Nevada action. G. S. 1949, 60-1518, provides:

"A judgment or decree of divorce rendered in any other state or territory of the United States, in conformity with the laws thereof, shall be given full faith and credit in this state; except, that in the event the defendant in such action, at the time of such judgment or decree, was a resident of this state and had not been served personally with process, or did not personally appear or defend the action in the court of such state or territory, all matters relating to alimony, and to the property rights of the parties and to the custody and maintenance of the minor children of the parties, shall be subject to inquiry and determination in any proper action or proceeding brought in the courts of this state within two years after the date of the foreign judgment or decree, to the same extent as though the foreign judgment or decree had not been rendered."

Under the mentioned statute, the trial court was concerned with the Nevada decree only so far as to give it full faith and credit in severance of the marital ties. The court was not called upon to determine the question or merits of the divorce, but only to adjudicate alimony and property rights to the same extent as though the foreign decree had never been rendered.

The authority of the trial court to grant alimony and divide the property of the parties under section 60-1518 was thoroughly dealt with in the opinion written for this court by Mr. Chief Justice Harvey in *Fincham v. Fincham*, 174 Kan. 199, 207, 255 P. 2d 1018:

"Under this statute it has become and is the settled policy of this state to recognize foreign decrees of divorce as being effectual to terminate the marriage relation of the parties, if such decree is procured in harmony with the statutes of the state where rendered . . . Counsel for appellant argue that since this action was brought for divorce and alimony, and since the marital status of the parties had been terminated before the final decree, and even before the trial of this action, that this action is not a proper action or proceeding within the meaning of our statute (G. S. 1949, 60-1518), and go forward and argue what they think would be the only proper procedure. This point is not well taken. Obviously the legislature did not pinpoint a specific procedure, no doubt for the reason that if they did so the question might arise in some other procedure than the specific one designated by the statute, in which a bad result would be obtained.

"We think the purpose of this statute is clear. It applies to those situations

where a married couple live in Kansas; they may or may not have property or minor children, but one of them gets dissatisfied with the marriage and wants a divorce. Perhaps he has reason to think he could not get one in this state if it were contested, or perhaps he has tried to get a divorce and failed, as was the case here; so he goes to another state and gets a divorce on constructive service in harmony with the laws of that state. Our statute provides that such a divorce shall be valid insofar as it dissolves the marriage relation, but unless the defendant in the action in the foreign state was personally served with summons in that state, or appeared there and actually litigated her or his property rights, the rights to alimony and custody and maintenance of minor children, if any, those questions can be litigated in this state in any appropriate proceeding commenced within two years."

In the comparatively recent case of *Estin v. Estin,* 334 U. S. 541, 92 L. ed. 1561, 68 S. Ct. 1213, the opinion written by Mr. Justice Douglas, states at p. 546:

"The fact that the requirements of full faith and credit, so far as judgments are concerned, are exacting, if not inexorable (*Sherrer v. Sherrer, supra*), [334 U. S. 343, 92 L. ed. 1429, 68 S. Ct. 1087] does not mean, however, that the State of the domicile of one spouse may, through the use of constructive service, enter a decree that changes every legal incidence of the marriage relationship."

The trial court so recognized this rule by granting full faith and credit to the Nevada decree, insofar as it terminated the marriage relation, and limiting the trial of the action to the unadjudicated alimony and property rights of the parties.

It is apparent from reading the mentioned statute that the foreign decree mentioned therein shall be valid insofar as it dissolves the marriage relation, but unless the defendant in the action in the foreign state was personally served with summons in that state, or appeared there and actually litigated his or her property rights, alimony, custody and maintenance of minor children, if any, these questions may be litigated in this state in an appropriate proceeding commenced within two years, even though the foreign decree of divorce was granted the husband due to the fault of his wife. It follows that inasmuch as the proceeding in Nevada was *in rem,* and no rights personal in nature to the defendant's wife were there determined, the trial court had jurisdiction to determine the property rights and alimony in the instant action, and no error was committed in so doing.

Defendant raises for the first time on this appeal the question of the constitutionality of section 60-1518. By his cross-petition, he sought affirmative relief under this statute. At no time did he question the constitutionality of the statute in the court below, either in

his pleadings or on his motion for new trial. But on the contrary, on his theory of the case the issues were narrowed and tried solely upon the rights of the parties under the mentioned statute. It is the general rule that when a litigant desires to question the constitutionality of a statute involved in a case, he should do so at the earliest opportunity, or it will be considered waived. (*Owen v. Mutual Benefit Health & Acc. Ass'n,* 171 Kan. 457, 233 P. 2d 706.) A constitutional right may be forfeited in civil as well as criminal cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it. (*Yakus v. United States,* 321 U. S. 414, 88 L. ed. 834, 64 S. Ct. 660.) A party may waive his right to question the constitutionality of a statute by proceeding under it. (11 Am. Jur. 772; see, also, 16 C. J. S. 225; *Missionary Baptist Convention v. Wimberly Chapel Baptist Church,* 170 Kan. 684, 228 P. 2d 540; *Stelling v. Kansas City,* 85 Kan. 397, 116 Pac. 511.) Inasmuch as defendant predicated his defense and asked affirmative relief under the mentioned statute, and at no time questioned its constitutionality in the trial court, either by pleading or motion for new trial, it does not lie within his mouth at this late date to question the same on appellate review. Accordingly, the question is not before this court.

Defendant insists that the court abused its discretion in its division of the property between the parties and its award of alimony to plaintiff. It has been the inviolate rule of this court that a division of property and allowance of alimony made by the trial court in a divorce action will not be disturbed on appellate review unless it is made clearly to appear that its action in making that division and allowance amounted to an abuse of discretion. This discretion is a judicial and not an arbitrary one. Discretion may be defined as the freedom to act according to one's judgment. Judicial discretion implies the liberty to act as a judge should act, applying the rules and analogies of the law to the facts found after weighing and examining the evidence—to act upon fair judicial consideration, and not arbitrarily. When so acting in a matter committed to the discretion of the court by the law the judgment ought not to be overruled by a reviewing court, for to do so would be to deny the right to exercise the discretion given by the law itself. (*Reedy v. Reedy,* 175 Kan. 438, 264 P. 2d 913; *Harris v. Harris,* 169 Kan. 339, 219 P. 2d 454.)

No useful purpose would be gained by setting out in detail the

amount and value of the property awarded to each of the parties in the instant action. Suffice it to say that after a careful consideration of all the facts and circumstances contained in the record and with the mentioned principles of law well in mind, we are unable to find anything which would justify our holding that the trial court disregarded the law and made an unjust and unreasonable division of property between the parties and allowance of alimony to the plaintiff. It cannot be said defendant has made a clear showing that the court abused its discretion in making that division and allowance of alimony. Defendant has failed to establish any sound ground for disturbing the trial court's judgment, and it must be affirmed.

It is so ordered.