Argued April 17, affirmed April 24, 1957

In the Matter of the Adoption of Charles
Michael Bilyeu, a Minor
HESSNER et ux v. BILYEU
310 P. 2d 305

*J. Ray Rhoten* argued the cause for appellants. On the brief were Rhoten, Rhoten & Speerstra, Salem.

*Orval Thompson* argued the cause for respondent. On the brief were Weatherford & Thompson, Albany.

Before PERRY, Chief Justice, and LUSK, WARNER and KESTER, Justices.

KESTER, J.

This is an adoption proceeding, which was originally commenced in the county court for Linn county. That court, over the objection of the natural father, Charles Bilyeu, entered a decree for the adoption of the child, Charles Michael Bilyeu, by the petitioners, Frank Henry Hessner and Inez Jessie Hessner. Upon appeal by Charles Bilyeu to the circuit court, the adoption decree was set aside; and from that decree the petitioners now appeal to this court.

The record shows that the child's natural mother, Betty Bilyeu, was stricken with an incurable disease, and being anxious for the future welfare of their son (then four years old), she persuaded her husband, Charles Bilyeu, to consent to the adoption by the Hessners. Mr. Hessner was a brother of the child's mother. Charles and Betty Bilyeu both executed a written consent to the adoption, dated April 4, 1950. Charles now says that the consent was not his free and voluntary act, but was done to please and comfort his wife in her dying days.

Betty Bilyeu died on May 23, 1950, and on June 14, 1950, petitioners filed their petition for adoption, relying on the written consent. On August 2, 1950, before any decree had been entered, Charles Bilyeu filed an objection to the adoption, which amounted to a withdrawal of the consent. At the hearing the county court took evidence with respect to the relative fitness of the petitioners and the natural father, and it concluded that the child's best interests would be served by the adoption. The adoption decree was entered August 15,

1950, and we are informed that the child has been with the petitioners since that time. The decree of the circuit court reversing that of the county court, was entered March 26, 1954.

In the case of *Williams v. Capparelli,* 180 Or 41, 175 P2d 153, this court adhered to the majority rule that:

"A natural parent who has consented to the adoption of a child in compliance with a statute which makes such consent a prerequisite to adoption may effectively withdraw or revoke his consent at any time before the court has made a decree of adoption." (180 Or at page 45.)

■ In our view that case is determinative of this one; and even if we were to assume that elements of contract or estoppel might make the consent irrevocable, we find no such factors here. We hold that the natural father effectively withdrew his consent prior to the decree, and therefore the county court had no jurisdiction to decree the adoption. ORS 109.320, 109.350; *Furgeson v. Jones,* 17 Or 204, 20 P 842; *In re Estate of Myers (Damskov v. Myers),* 197 Or 520, 254 P2d 227.

■ We hasten to say that there is nothing in the record that in any way reflects discredit upon the Hessners; and it is probably unfortunate, from the standpoint of the child, to uproot him from the home where he has lived for some 6½ years. However, in an adoption proceeding, where the surviving natural parent has not consented (or has withdrawn a prior consent), the court is not authorized to take the child from his natural parent merely because it believes the adoptive parents will provide a better home life. The fitness of the adoptive parents is of course material on the question of whether the child should be

awarded to them, if the adoption is otherwise proper; but any lack of fitness on the part of the natural parent cannot be used as an excuse to sever the family ties in the absence of consent.

The situation would be less serious from the standpoint of the child if the case had proceeded with normal dispatch. For reasons which are not fully disclosed by the record some 3½ years elapsed between the adoption decree in the county court and its reversal in the circuit court; and an additional year and a half passed before the case was at issue and ready for argument in this court. While some of the delay was due to the illness and death of appellants' former attorney, and some to the congestion of business in this court, the overall result is an elapsed time which is a reproach to the law.

The decree of the circuit court, which set aside the adoption decree of the county court, is affirmed, with costs to the respondent.