No. 40,847

THE BOARD OF COUNTY COMMISSIONERS OF JOHNSON COUNTY, KANSAS, (Plaintiff), *Appellee,* v. MRS. L. L. BROWN (Defendant), *Appellee,* and ROBERT L. McENDREE (Intervenor), *Appellant.*

(325 P. 2d 382)

20

Opinion filed May 10, 1958.

*Elmer Hoge,* of Overland Park, argued the cause and was on the briefs for appellant.

*Stuart D. Mitchelson,* of Mission, argued the cause and was on the briefs for appellee, The Board of County Commissioners of Johnson County, Kansas.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal from a judgment of the lower court enjoining the defendants from using premises for an automobile garage and body repair shop in violation of zoning regulations.

Mrs. L. L. Brown, defendant below, owns real property described as the West Eleven (11) acres of the Northeast Quarter of the Southwest Quarter of Section 23, Township 12, Range 24, in Johnson County, Kansas. This property is in an agricultural area of Shawnee Township about one mile east of the City of Shawnee. The Board of County Commissioners pursuant to Chapter 165 of the Laws of 1939 organized the zoning board of Shawnee Township in Johnson County, Kansas, in 1940. Prior to the purchase of the property by Mrs. Brown it was zoned for residential purposes.

One of the buildings on the premises was converted by Mrs. Brown at considerable expense to a bird aviary for the purpose of raising canary birds which she sold. During the month of December, 1955, this building was destroyed by fire. On the 5th day of January, 1956, the owner, Mrs. Brown, procured a building permit from the clerk of the zoning board to rebuild this building on these premises. The dimensions given in the permit were for a structure 26 feet by 50 feet. In her application for a permit she did not make application for any rezoning or for a permit to build a garage, but merely requested a permit for a building of the given dimensions.

When the structure was rebuilt Mrs. Brown continued raising

birds and in August, 1956, permitted her son-in-law, Robert L. McEndree, the intervenor below and appellant herein, to move into a part of the new building and open an automobile garage and body repair shop. There he repaired automobile bodies that had been damaged in wrecks and accidents. He had a parking area for about 10 automobiles behind the shop and would have a daily average of as many as 15 automobiles on the premises.

The County Commissioners on the 14th day of September, 1956, filed an action in the district court of Johnson County, Kansas, to enjoin the defendants. From an adverse ruling which permanently enjoined the defendants and each of them from operating and permitting a garage and body shop on the premises, the intervenor, after necessary preliminary procedures unnecessary to relate, duly appealed to this court. The defendant, Mrs. Brown, did not appeal.

The facts related are not in dispute. At the hearing most of the evidence was stipulated by the parties. Some testimony was given as to prior use of the premises, but no use inconsistent with agricultural purposes was established as of the time the property was zoned.

No objection was made by the County Commissioners to the use of the premises by Mrs. Brown as a bird aviary. The action was only to enjoin the use of the premises for a garage and body repair shop.

Appellant contends that the statute, pursuant to which the zoning regulations and code of Shawnee Township were initially adopted in 1940, is special legislation applicable to only Shawnee and Mission Townships in Johnson County, Kansas, and as such is unconstitutional and void. This question is first raised by appellant on appeal to this court. There is nothing in the abstract submitted, wherein all pleadings are shown, or in the transcript of the proceedings to show that the constitutional question was presented to the lower court.

Acts of the legislature are presumed to be constitutional and valid and no challenge thereof should be entertained on appeal unless the particular constitutional provision alleged to be violated, or the particular controlling record to prove the invalidity, has been pleaded and presented to the lower court. The question of the constitutionality of the statute was not before the lower court and as a consequence is not before this court. (*Missionary*

*Baptist Convention v. Wimberly Chapel Baptist Church,* 170 Kan. 684, 228 P. 2d 540; *State, ex rel., v. Richardson,* 174 Kan. 382, 256 P. 2d 135; and see, *Stelling v. Kansas City,* 85 Kan. 397, 116 Pac. 511.)

This rule is based upon considerations of practical necessity in the orderly administration of the law and of fairness to the court and the opposing party, and upon principles underlying the doctrines of waiver and estoppel. Obviously, the ends of justice are served by avoidance of the delay and expense incident to appeals, reversals, and new trials upon grounds of objection which might have been obviated or corrected in the trial court if the question had been raised. There would be no assurance of any end to litigation if the new objections could be raised on appeals. (3 Am. Jur., Appeal and Error, § 246, p. 25.)

For a collection of cases and numerous special acts of the legislature having application to Shawnee and Mission Townships in Johnson County, Kansas, which have been held constitutional or remain unchallenged, see the recent case of *Water District No. 1 v. Robb,* 182 Kan. 2, 11, 318 P. 2d 387.

Reference is made to *Duggins v. Board of County Commissioners,* 179 Kan. 101, 293 P. 2d 258, wherein the statute in the instant case was before the court. There the action of the zoning board of Mission Township was challenged and the appellant alleged and presented the constitutional question to the lower court, but on appeal to this court waived any contention of unconstitutionality. Appellant relied upon his rights under the zoning regulations on appeal. In the instant case appellant relied exclusively upon his rights under the zoning regulations in the lower court and places reliance upon them in this appeal.

The appellant contends that the zoning board in granting the building permit to build the garage on January 5, 1956, knew that the building to be constructed was for a commercial use and that the same was tantamount to the rezoning of the premises for commercial use. The evidence does not support this contention. The building permit was issued to replace the building which was destroyed by fire. At the time Mrs. Brown obtained the building permit there is no evidence to disclose that she had knowledge the building would be used for an automobile garage and body repair shop. Her application for a permit was for a structure of certain dimensions without any disclosure of its intended use. Conse-

quently, the intervenor, appellant, who came upon the premises seven months after the issuance of the building permit, is in no position to state the contrary.

Appellant argues that the zoning board having granted the building permit to replace a building used for raising birds is now estopped to deny its use for commercial purposes.

Few definitions of estoppel can be considered satisfactory, for the reason that an equitable estoppel rests largely on the facts and circumstances of the particular case and consequently any attempted definition usually amounts to no more than a declaration of an estoppel under those facts and circumstances. The following definition has been stated in summing up the cases in 10 R. C. L., § 19, pp. 689, 690:

". . . That a person is held to a representation made or a position assumed, where otherwise inequitable consequences would result to another who, having the right to do so under all the circumstances of the case, has, in good faith, relied thereon. Such an estoppel is founded on morality and justice, . . ."

For a further discussion of equitable estoppel and definitions, see 31 C. J. S., Estoppel, § 59, p. 236; and 19 Am. Jur., Estoppel, § 34, p. 634.

The property in question was agricultural land zoned for residential purposes. Zoning under these circumstances does not prevent the use of the premises for agricultural purposes. The zoning regulations emerge to control when the agricultural uses are abandoned, or reasonable regulations have been adopted for the gradual elimination of nonconforming uses. (*Spurgeon v. Board of Commissioners*, 181 Kan. 1008, 317 P. 2d 798.)

The appellant contends that the raising of canary birds for sale constitutes a use of the premises for commercial purposes. Under the appellant's definition most any agricultural pursuit would be for a commercial purpose. It may be said without equivocation that the raising of canary birds is similar to the raising of chickens, or other poultry, which is commonly regarded as an agricultural pursuit. In this sense the premises have been used consistent with the permissive uses by Mrs. Brown in raising canary birds. The County Commissioners had no objection to the raising of canaries, but took a dim view of the operation of a garage and body shop, which is classified as business under the zoning regulations.

The appellant has never appeared before the zoning board of Shawnee Township for a building permit or the rezoning of the

premises prior to the filing of this action. He just moved in and opened up a garage as if it were his absolute right to do so in a building used for agricultural purposes.

The landowner, Mrs. Brown, has not changed her position in any way. She is still raising canaries in part of the building. She knew this property came under the zoning regulations of the township or she would not have applied for her building permit. To evoke estoppel, one must act in good faith and with diligence. The doctrine of equitable estoppel does not operate in favor of one who has knowledge of another's rights, or who has convenient and available means of obtaining such knowledge. (*Gray v. Zellmer,* 66 Kan. 514, 72 Pac. 228; and *Wichita Federal Savings & Loan Ass'n v. Jones,* 155 Kan. 821, 130 P. 2d 556.) Under these facts and circumstances appellant cannot assert the defense of estoppel.

It is argued that the granting of an injunction would work an undue and unnecessary hardship upon appellant. The appellant did not build the building in which he operated the automobile garage and body repair shop. He just moved into the premises and started operating. The owner of the premises has not appealed to this court from the ruling which granted the injunction but the appellant, intervenor, desires to remain on the premises with his business, contrary to the zoning regulations of the township, because it would be a hardship on him to move his business elsewhere. The County Commissioners in the instant case acted promptly. The intervenor did not move onto the premises until August, 1956, and this action was filed in September of 1956. We are therefore of the opinion that upon the facts and circumstances herein presented the hardship of which the appellant complains is not one for which he is entitled to relief.

The hardship of which the law sometimes takes cognizance is that hardship which results to an individual property owner. In 58 Am. Jur., Zoning, § 139, pp. 1015, 1016, the following is stated:

"The fact that a zoning law results in hardship to an individual property owner does not necessarily invalidate the ordinance, or prevent its application to him. In proper cases the private interest may be subordinated to the public good. However, neither the legislature nor the local authorities acting under power delegated by the legislature regarding zoning may impose special hardship unnecessarily and unreasonably, and most zoning laws grant boards of appeal authority to vary the application of zoning restrictions, subject to appropriate conditions and safeguards, in cases involving practical difficulties and unnecessary hardships. Where such authority exists, a zon-

ing regulation will not be ruled invalid by the courts because of unnecessary hardship or damage to the owner of particular property, at least until the variation has been refused."

As heretofore stated the appellant, intervenor, has never attempted to get the premises upon which he is operating his business rezoned prior to the filing of this action and the hearing thereon.

For the reasons heretofore stated the trial court did not err in overruling the appellant's motion for a new trial and in entering judgment against the defendants below, which permanently enjoined them from operating and permitting a garage and body shop on the premises.

The judgment of the trial court is affirmed.