Argued May 5, affirmed June 25, 1958

## BOLIN et ux *v.* MOLONEY
### 326 P. 2d 1033

*Ralph Currin* argued the cause for appellants. On the brief were Currin & French and Isaminger & Hanzen, Pendleton.

*Gene B. Conklin,* Pendleton, argued the cause and filed a brief for respondent.

Before ROSSMAN, Presiding, and LUSK, MCALLISTER and SLOAN, Justices.

PER CURIAM.

The right to adopt two orphaned children is to be

determined in this proceeding. The appellants petitioned as the paternal uncle and aunt of the children and respondent as the stepfather, husband of the children's deceased mother. Other relatives also petitioned and sought the adoption in the trial court but have not appealed.

No one would benefit, particularly the children, by further recording the unfortunate circumstances which subject their future welfare to judicial determination. Suffice it to say that respondent had been married to the children's mother for about 18 months prior to her death in April, 1956. Marlene was born in June, 1951, and George in August, 1948. The trial court found both before and after her death respondent had provided the affectionate and attentive care of a good father. The respondent was awarded the decree of adoption.

■ As stated, no rights of natural parents are here involved; see *Hessner v. Bilyeu,* 210 Or 266-68, 310 P2d 305; *Omlie v. Hunt,* 211 Or 472-86, 316 P2d 528. In this proceeding, as in other matters involving the custody of children, the welfare of the child is of paramount consideration. 2 CJS 425, Adoption of Children § 39(b) (1); *Schiermeister v. Schiermeister,* 199 Or 391-95, 261 P2d 677.

■■ The trial judge had the privilege of seeing and hearing the parties and their witnesses. The record reflects that he tried and considered the case with meticulous care and grave concern for the welfare of the children. His findings are entitled to great weight. *Schiermeister v. Schiermeister,* supra, at page 394. The record has been examined here with equal concern. We find nothing suggesting reversal and it follows that the decree of adoption entered by the trial court is affirmed, with costs to respondent.