No. 43,288

NATIONAL VAN LINES, INC., *Appellee,* v. ALVIN E. JONES, Director of Property Valuation of the State of Kansas, and the Corporation Commission of the State of Kansas, *Appellants.*

(388 P. 2d 660)

Opinion filed January 25, 1964.

*Peter F. Caldwell*, of Topeka, argued the cause, and *Lewis C. Carter*, of Topeka, was with him on the brief for Alvin E. Jones, Director of Property Valuation of the State of Kansas, appellant. *Robert C. Londerholm* and *Glenn D. Young*, both of Topeka, were on the brief for the Corporation Commission of the State of Kansas, appellant. *O. R. Stites, Jr.*, Assistant Attorney General, was on the brief for appellants.

*Ward D. Martin*, of Topeka, argued the cause, and *A. Harry Crane, Arthur L. Claussen* and *Harvey D. Ashworth*, all of Topeka, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: This is an action by National Van Lines, Inc., an Illinois corporation (hereafter referred to as plaintiff), to enjoin the collection of taxes for the years 1959 and 1960 which were levied by the Director of Property Valuation of the state of Kansas, and also to enjoin the State Corporation Commission from cancelling the interstate motor carrier license issued to plaintiff because of its failure to pay the taxes so levied. (Hereafter the defendants will be referred to as director and commission, respectively, or as defendants.)

Defendants have appealed from orders overruling their demurrers to the petition.

The petition, which covers almost twenty pages of the abstract and contains four causes of action, attacks the constitutionality of certain provisions of the motor carriers act (G. S. 1957 Supp., 79-6a01 to 6a09, and the 1959 amendments thereto). Highly summarized, facts alleged in the petition are:

The plaintiff is a motor carrier engaged exclusively in the interstate transportation of household goods and furniture, and at all times was the holder of a certificate of convenience and necessity issued by the Interstate Commerce Commission, and by reason thereof also was issued a license by the State Corporation Commission as an interstate carrier. At all relevant times plaintiff was engaged in the interstate transportation of household goods into and out of and through the state of Kansas exclusively as an interstate motor carrier by means of motor vehicles and equipment (*a*) owned and operated by plaintiff; (*b*) owned and operated by others than the plaintiff who are domiciled outside of Kansas but who operate under contract with the plaintiff, and (*c*) owned and operated by others than plaintiff who are domiciled in Kansas but operate under

contract with the plaintiff. At all times the motor vehicles and equipment owned and operated by plaintiff, and under contract to it, were duly registered as required by law and the required fees paid thereon. Plaintiff did not directly or indirectly perform any service or transport any goods in intrastate commerce, or make any contracts therefor within the state of Kansas, and it never maintained an office or other place of business within the state, or had any employees or property within the state other than such employees and equipment as have sporadically and at random traversed the highways of Kansas over irregular routes while engaged, directly or indirectly, in the transportation of goods in interstate commerce.

The motor vehicles and equipment owned and operated by plaintiff, and the vehicles and equipment owned and operated by those persons domiciled outside of Kansas, were regularly kept by plaintiff in the state of Illinois, and by the other owners in states other than Kansas, and all of such vehicles and equipment were regularly kept outside the state when not actually engaged in the transportation of goods in interstate commerce, and at no time were physically located within Kansas, except sporadically and at random while traversing over irregular routes the highways of Kansas in the transportation of goods in interstate commerce. Such vehicles and equipment were at all times subject to taxation against the owners thereof in the states, respectively, in which such vehicles and equipment were regularly kept, and at the domicile of the respective owners. The vehicles and equipment registered by plaintiff under its license, but owned and operated by persons commercially domiciled in Kansas, are regularly kept in Kansas when not actually engaged outside of Kansas in the transportation of goods in interstate commerce, and have a situs in Kansas for the purpose of taxation against the respective owners thereof, and are constitutionally subject to taxation in Kansas against the owners thereof upon the full value, and are not constitutionally subject to taxation against the plaintiff in Kansas, or elsewhere, in respect to any portion of the value thereof.

The first cause of action challenges the constitutionality of the motor carriers act (G. S. 1957 Supp., 79-6a01, *et seq.*), under which plaintiff was taxed for the year 1959, and seeks injunctive relief. The second cause of action challenges the constitutionality of the 1959 amendment (G. S. 1959 Supp., 79-6a01, *et seq.*), under which

plaintiff was taxed for the year 1960, and seeks injunctive relief. The third cause of action alleges that defendant director arbitrarily applied the formula provided by the statute in placing a value on plaintiff's vehicles and equipment. The fourth cause of action seeks to enjoin defendant commission from cancelling plaintiff's interstate license for failure to pay the tax for the years 1959 and 1960.

Defendants filed identical separate demurrers to the petition on five grounds. The first is that there is a misjoinder of causes of action in that the first three causes affect only defendant director and cannot be joined with the fourth cause which alone affects both defendants. The remaining four grounds of each demurrer are that each of the four causes fails to state facts sufficient to constitute a cause of action against such demurring defendant.

Each demurrer was overruled in its entirety, and each defendant was granted thirty days in which to file an answer. Defendants have appealed from those orders.

Notwithstanding the fact the petition asserts the unconstitutionality of various sections of the motor carriers act, and notwithstanding the fact the briefs of the parties to this appeal are devoted to questions concerning the constitutionality of the act, we nevertheless are of the opinion that, under the record presented, we should refrain, at this time, from passing on the broad and far-reaching constitutional questions urged. While courts will not refuse to pass on the constitutionality of statutes in any proceeding in which such determination is necessarily involved, unnecessary consideration of attacks on their validity will be avoided, and courts will not assume to pass upon constitutional questions unless they are properly before them. The general rule is that only those questions presented to and decided by a trial court will be considered on appeal, and the rule has particular application to matters pertaining to the constitutionality of a statute. (*Missionary Baptist Convention v. Wimberly Chapel Baptist Church,* 170 Kan. 684, 228 P. 2d 540; *State, ex rel., v. Richardson,* 174 Kan. 382, 390, 256 P. 2d 135; *State, ex rel., v. Fadely,* 180 Kan. 652, syl. 3, 308 P. 2d 537, and *Board of County Commissioners v. Brown,* 183 Kan. 19, syl. 2, 325 P. 2d 382.)

The status of this case is that of a demurrer to a petition, and, with respect to the principal matter urged, the petition, in order to be demurrable, must show on its face that it does not state facts

sufficient to constitute a cause of action. (G. S. 1949, 60-705.) Neither of the orders overruling the demurrers states the basis or reason for the ruling. The assumption to be made, therefore, considering the grounds of the demurrers, is that the trial court was of the opinion there was no misjoinder of causes of action, and that each cause pleaded facts sufficient to state a cause of action. From the record we have no way of knowing whether the trial court even considered the constitutionality of the statutes involved. A statute may be constitutional in all respects and yet a cause of action can be stated on the ground of alleged illegal enforcement thereof, and, for all the record discloses, that may well have been the basis of the trial court's orders in overruling the demurrers. Among other things, the petition alleges that at no time have the vehicles and equipment owned and operated by plaintiff, and registered by plaintiff, been physically located within Kansas except sporadically and at random while traversing Kansas highways, and that defendant director arbitrarily, unlawfully and without any basis, determined a ratio for plaintiff's operations, and arbitrarily assessed the value of plaintiff's property at a certain figure. In their brief defendants assert that the schedule filed by plaintiff was incomplete and did not comply with the statute, and therefore defendant director was justified in rejecting the same.

Certain aspects of questions here urged were before us in *Felten Truck Line v. State Board of Tax Appeals,* 183 Kan. 287, 327 P. 2d 836. In that case, however, issues were joined and the case was tried—rather than coming to this court on a demurrer to a petition.

The contention that causes of action are improperly joined requires but brief mention. It is clear there is only one remedy sought—injunction—to enjoin defendant director from assessing the tax and to enjoin defendant commission from enforcing collection of the tax. The two enforcement statutes are interrelated and stand side by side as procedures to collect the tax. It cannot be said the causes of action do not "affect" both defendants (G. S. 1949, 60-601). As to that ground, the demurrers were properly overruled.

In view of what has been said, we also conclude that the demurrers, on the grounds that each of the four causes fails to state facts sufficient to constitute a cause of action, were properly overruled, and that issues should be joined and the case should proceed to trial. Our decision in this matter is not to be construed as

indicating any view, one way or the other, on the question of the constitutionality of the statutes involved.  We hold merely that the petition contains allegations sufficient to withstand the demurrers and therefore they were properly overruled.

The judgment is affirmed.

JACKSON, J., not participating.