No. 21839.

Dodd H. Barnett and Betty Jane Barnett *v*. Arthur B. Miller, Bethel E. Miller, et al.

(429 P.2d 263)

Decided July 3, 1967.

Fischer, Fischer and Beatty, for plaintiffs in error.

March and March, John-David Sullivan, for defendants in error.

*In Department.*

Opinion by JOHN N. MABRY.*

THE parties to this litigation appear here in the same alignment as they appeared in the trial court. The plaintiffs (Barnetts) sought to recover damages allegedly sustained by them in the purchase of a farm in Larimer County, Colorado. They alleged that they were induced to buy the farm by reason of a false representation made with reckless disregard as to its truth or falsity by one Gillespie, a real estate broker and dealer who was the averred agent for the owners (Millers). Gillespie was not a party to this lawsuit.

The case was tried to the court upon the following issues:

1. Was Gillespie the agent for defendants in the sale of Millers' farm and, if so, did he, with a reckless disregard of the truth, make a false representation as to a material existing fact (acreage in the farm) and thereby bind his principals?

2. Did plaintiffs reasonably rely upon the alleged false representation?

3. Were plaintiffs damaged? And in what amount?

The facts are intricate. A synopsis of the circumstances from which this litigation arose will be conducive to a clearer understanding of the issues.

The defendants (Millers) owned a motel in Sidney, Nebraska. Gillespie functioned as a broker for Mr. and Mrs. Stovall and at the same time acted as agent for the Millers in 1964 when the latter traded their motel to the Stovalls for the farm involved in the instant litigation. Millers were interested in converting their recently acquired farm into cash. Gillespie listed the farm for sale.

In 1963 Gillespie had participated in the sale of plaintiffs' ranch in Nebraska, whereby the sellers had been compelled to take a second mortgage on the land they

*Retired district judge sitting under assignment by the Chief Justice under provisions of Article VI, Section 5(3) of the constitution of Colorado.

sold and it was their desire to dispose of said "paper," at a sacrifice if necessary. Plaintiffs asked Gillespie to find them some farm land in Larimer County for which they could trade their second mortgage. Gillespie showed Barnett the Miller farm. Gillespie, in showing the farm to Barnett, knew little about the property. When asked by Barnett what acreage it embraced, Gillespie in turn inquired of Mr. Stovall, who was present, and Mr. Stovall replied that the farm contained 175 acres. In the entire transaction, the Millers had no direct dealings with the Barnetts and made no representations as to acreage of the lands. The Millers and Stovalls, with other predecessors in interest, believed the farm contained 175 acres; the fact that it contained only 105 acres became known when plaintiffs later had it surveyed in preparation for a loan on the land.

The Barnetts wanted the Miller farm, but the Millers were not interested in trading for the Barnetts' paper. Finally, the Barnetts acquired title to the Miller farm and the Millers received cash for their land by the following expedient arranged by Proteus-like broker, Gillespie:

Gillespie by a written agreement purchased the Millers' farm for a total of $47,000 for which he gave the Millers his personal check in that sum. The Millers simultaneously delivered to Gillespie three checks: (a) one for $24,500, representing the amount of a mortgage on the farm to be assumed and paid for by Gillespie; (b) two checks in the amount of $2,900 each, apparently for a broker's commission to Gillespie and to another broker, Stoner, for the previous sale of Millers' motel in Nebraska. Miller then delivered to Gillespie a deed prepared by the latter and executed by the Millers, conveying title to the farm to the Barnetts.

At a subsequent meeting, attended by only Gillespie and Barnett, the former again had changed appearances as well as "changed hats," and thereupon delivered to Barnett the $24,500 Miller check and the deed to the

farm, executed by the Millers. Barnett, then and there, assigned and delivered his second mortgage paper to Gillespie. At the time of trial, Gillespie still held a part interest in this second mortgage — he had traded the other portion for a motel in New Mexico. Plaintiffs subsequently sold the farm.

At the close of plaintiffs' case the trial court sustained defendants' motion to dismiss the complaint on the ground that the burden of proof had not been sustained, and finally entered judgment accordingly. This writ of error challenges the correctness of the judgment of dismissal.

■ In its conclusion of law the trial court held that plaintiffs failed to prove by clear and satisfactory evidence that Gillespie was an agent of the defendants and as such had made a false representation as to a material existing fact as charged in the complaint, or, that the plaintiffs reasonably relied on such representation.

■ We have carefully reviewed the record herein and we have also studied the briefs. Without unduly extending this opinion, we find and hold that there is ample evidence in the record to support the judgment below. This court has repeatedly held that where a case is tried to the court and there is adequate evidence to support the findings and judgment of the trial court it will not be disturbed on review. *Watson v. Settlemeyer,* 150 Colo. 326, 372 P.2d 453; *Brewer v. Williams,* 147 Colo. 146, 326 P.2d 1033; *Lindsay v. Marcus,* 137 Colo. 336, 325 P.2d 267.

Plaintiffs predicate their case upon the theory of principal and agent. Whether or not Gillespie was an agent of the defendants is a cardinal issue and one of fact. Although the court found all the issues in favor of the defendants and against the plaintiffs, nevertheless, it is significant to note that if the allegation charging agency fails, all other claims against the defendants would necessarily fall and no longer constitute a justiciable controversy.

In view of our conclusion expressed above, it becomes unnecessary to treat the other assignments of error presented by the plaintiffs.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE HODGES and MR. JUSTICE KELLEY concur.