No. 38,603

ELIZABETH HARDING, et al., *Appellants,* v. (Continental Pipe Line Co., et al., Defendants) SINCLAIR OIL & GAS COMPANY, *Appellee.*

(243 P. 2d 199)

Opinion filed April 12, 1952.

*W. J. King,* of Geuda Springs, was on the briefs for the appellants.

*Cecil R. Buckles,* of Tulsa, Okla., argued the cause, and *Ralph W. Garrett,* of Tulsa, Okla., and *W. H. McBrayer,* of Independence, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action by heirs at law of a decedent to quiet title to a tract of land and also to recover damages for the alleged conversion of oil from the land. Judgment was rendered for plaintiffs on the first cause of action and against them on the second. Plaintiffs appeal.

We shall continue to refer to the parties as plaintiffs and defendant. The latter is Sinclair Oil and Gas Company, sole appellee.

The appeal involves a pretrial conference and plaintiffs' contentions require examination of the issues joined by the pleadings. The material allegations of the first cause of action, in substance, were: Plaintiffs were all the heirs at law of John R. Fitch, a widower, who owned the fee title to the land·in question; he died intestate November 10, 1943; plaintiffs are in possession of the land; decedent left no debts other than those incurred during his last illness and death, which have been paid; no administration was had on decedent's estate; all interest in the land and the oil thereunder passed to plaintiffs on decedent's death; no attempt was made by creditors or others to have any demand allowed against the estate; defendants claiming title or an interest in the land should be required to assert it; whatever their claims might be they constituted a cloud on the title which should be quieted in plaintiffs.

The second cause of action incorporated the allegations of the first cause of action by reference and, in substance, further alleged: Ever since the death of John R. Fitch on November 10, 1943, all defendants have been producing and transporting oil from the premises without authority; proceeds from the sale of the oil have been divided among them in a manner unknown to plaintiffs; the oil in place and under the ground constituted a portion of decedent's estate which descended to plaintiffs; the reasonable value of oil removed was $7,500.

Plaintiffs prayed judgment for treble damages.

The answer of the defendant, Sinclair Oil and Gas Company, in substance, alleged:

On April 22, 1925, decedent executed and delivered an oil and gas lease on the premises; Sinclair Oil and Gas Company and the defendant, Sidney P. Clark, by mesne assignments, became and are the owners of an undivided three-fourths and an undivided one-fourth interest, respectively, in such lease, which were duly

recorded; at the time of the institution of plaintiffs' action an oil well, producing in paying quantities, was located on a ten-acre tract of the leased premises (acreage described) and had been so producing at all times subsequent to the expiration of the primary term; on or about July, 1946, the well ceased to produce in paying quantities and was abandoned; on March 27, 1947, this defendant and Sidney P. Clark, executed a release to such ten acres and also to an easement executed by decedent in January, 1940, which release was duly recorded and made a part of defendant's answer; Sinclair Oil and Gas Company disclaimed any further interest in any portion of the land described in plaintiffs' petition.

The answer to the second cause of action consisted of a general denial and further alleged:

Whatever claim plaintiffs ever had, if any, under their second cause of action, was barred by the third and fourth paragraphs of G. S. 1949, 60-306.

Plaintiffs' unverified reply challenged all allegations of the answer which were prejudicial to the causes of action set forth in their amended petition, demanded an accounting of the oil removed from the premises and for judgment including punitive damages.

Before proceeding it may be well to state the defendant, Sinclair Oil and Gas Company, did not in the district court and does not now rely on the statute of limitations as a bar to plaintiffs' second cause of action but asserts the court properly rendered judgment in its favor on the merits.

The trial court conducted a pretrial conference authorized by G. S. 1949, 60-2705. The order made following such conference held April 24, 1951, recites:

"Thereupon, The plaintiffs made a statement of the nature of *his* cause of action as set forth in *his* amended petition, and the defendant, The Sinclair Oil and Gas Company by its attorney, Cecil R. Buckles, made a statement of its defense.

"By stipulation and agreement of the parties, the Court finds that on April 22, 1925 one John R. Fitch, the then owner of Lot 5 and the Southwest Quarter of section 3, township 35, south, range 2 east, Sumner County, Kansas, executed and delivered to the Prairie Oil and Gas Company an oil and gas lease, a photostatic copy of which is to be furnished by the defendant to this court and to be marked exhibit 'A.' That on March 18, 1935, John R. Fitch executed a transfer order to The Federal Land Bank of Wichita, Kansas, assigning his interest in the oil runs produced from 160/384ths of the 1/8th royalty interest as provided by exhibit 'A,' and that a photostatic copy of said transfer order is to be furnished by the defendant and is to be marked exhibit 'B,' said transfer order commencing July 1, 1934.

"The Court further finds that by mesne conveyances and assignments the rights and interests of the Prairie Oil and Gas Company in and to the property covered by said exhibit 'A' was transferred to the Sinclair Prairie Oil Company, now the Sinclair Oil and Gas Company, as to ⅞ths interest in the lessee's rights of said lease to Sidney P. Clark as to a ⅛th interest thereof.

"The Court further finds that on June 29th, 1939, by an instrument recorded September 14, 1939, a Release in part of said exhibit 'A' was made to all but ten acres involved in said real estate described in said exhibit 'A,' with one producing oil well thereon. That a copy of said partial release is to be furnished by the defendant and to be marked exhibit 'C.'

"That on January 3, 1940, one John R. Fitch, by conveyance granted an easement to the then lessee holder of said exhibit 'A' which was duly recorded in Book I-5 in the records of Sumner County, Kansas, at page 400. Exhibit D.

"The Court further finds that this action was commenced originally April 28, 1946 and which action was afterwards dismissed and is represented now by the cause before the court at this time.

"The Court further finds that on March 27th, 1947, by an instrument recorded March 12, 1947, a Release to the remaining portion of said property covered by the oil and gas lease, exhibit 'A,' was executed and delivered, terminating all rights of the lessee in and to said property and all mineral interests therein and to the easement rights. That a copy of said Release is to be furnished by the defendant and to be marked exhibit 'E.'

"The Court further finds that on November 10, 1943, the oil and gas lease, exhibit 'A,' was in full force and effect by virtue of the production of oil from said premises on said date, pursuant to said lease.

"The Court further finds that, pursuant to the findings and pleadings, above set forth, plaintiffs claim that they are the owners of all mineral rights in and to the said property from and after November 10, 1943, and which the defendants deny, *raising before this Court an issue of law as to the rights of the parties pursuant to the findings heretofore set forth and as presented by a Motion for Judgment*, at this time, handed to the Court by counsel for the defendant, The Sinclair Oil and Gas Company, and it directed that plaintiffs shall have fifteen days in which to file a written brief with the Court of their claim and that the defendants shall thereafter have fifteen days to reply, upon service of copies of plaintiffs' brief on defendants. It is further ordered that the commencement of the fifteen days for the filing of plaintiffs' brief shall commence running from the date of the filing of the photostatic copies of the exhibits heretofore set forth in this order." (Our italics.)

The trial court, as reflected by the foregoing pretrial order, made not only the findings indicated therein on the agreed facts but stated the issue of law which remained for decision. It allowed the parties time to file briefs on that issue. Approximately four and one-half months later, September 11, 1951, the court also heard oral arguments of counsel for the respective parties on defendant's motion for judgment in its favor on the pleadings and findings contained in the pretrial order. It rendered judgment quieting title to

the land in plaintiffs, as requested by them and consented to in defendant's answer, but denied plaintiffs' claim for damages and taxed the costs to them.

The material part of our pretrial conference statute, G. S. 1949, 60-2705, reads:

"In any civil action pending in a district court, the court may in its discretion direct the attorneys for the parties to appear before it for a conference to consider: (1) The simplification of the issues; (2) the necessity or desirability of amendments to the pleadings; (3) the possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof; (4) the limitation of the number of expert witnesses; (5) the advisability of a preliminary reference of issues to a master for findings to be used as evidence when the trial is to be by jury; (6) such other matters as may aid in the disposition of the action. *The court shall make an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel; and such order when entered, controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice.*" (Our italics.)

Plaintiffs state that, except as shown by the abstracts of the parties, no record was made of the evidence adduced at the pretrial conference. In view of the uncontradicted record presented here by the abstracts we fail to grasp the intended significance of the statement. The purpose of a pretrial conference is not to introduce evidence concerning which there is a dispute. On the contrary its purpose, in part, is to obtain agreements concerning material evidence if possible. Obviously it was intended the pretrial order should properly recite the action taken at the conference touching the subjects mentioned in the statute. Here the pretrial order states the findings made therein are based on the "stipulation and agreement of the parties." Plaintiffs do not challenge the accuracy of that recital. Furthermore, we find no motion to set aside any finding contained in the order nor do plaintiffs contend it does not adequately reflect all material matters agreed upon. Under these circumstances there is no occasion in the instant appeal for a ruling respecting the necessity of an official record of the proceedings by a court reporter.

Was defendant's motion for judgment properly sustained? We need not labor the question whether plaintiffs were entitled to a judgment quieting title to the remaining ten acres of the leased premises when the well thereon ceased producing after decedent's

death.  Releases covering the entire acreage and an easement, all recorded, were pleaded in defendant's answer as well as its disclaimer of any further right, title or interest in the land.  The right to judgment in plaintiffs' favor on their first cause of action was, therefore, confessed by defendant and judgment was properly entered accordingly.

Was defendant entitled to judgment on plaintiffs' second cause of action for damages alleged to have resulted from the wrongful conversion of oil by defendant after decedent's death?

Plaintiffs first argue the court erroneously sustained defendant's motion for judgment for the reason their amended petition stated a cause of action for damages.  The judgment was not rendered on a demurrer to the amended petition.  It was based on a motion for judgment on the pleadings and facts agreed upon in the pretrial conference.  Whether the motion was properly sustained depends upon the soundness of plaintiffs' next contention.

We need not repeat the allegations of the pleadings or the agreed facts.  Plaintiffs' principal contention is that all the oil, including the seven-eighths working interest of a lessee or assignee, under a producing oil and gas lease, becomes part of the lessor's estate on his death and, absent a will, descends to the lessor's heirs at law; that if defendant claimed any interest in the oil such claim constituted a demand against decedent's estate which defendant was required to file within the period of the nonclaim statute, G. S. 1949, 59-2239, and that having failed to do so the claim was barred.

This appeal does not require a review of our numerous decisions pertaining to the nature of a demand.  It is sufficient to say plaintiffs' fundamental contention that the working interest of a lessee or assignee in a producing oil and gas lease becomes a part of the lessor's estate on the latter's death, is unsound.  The decedent-lessor had voluntarily conveyed that interest and was no longer the owner thereof.  On his death his estate acquired no greater interest in the land than he possessed.  His estate was subject to the rights he had granted to others.  In fact, the instant lease expressly recognizes such separate estates in the lessor and lessee or assignee.

It is unnecessary to engage in an abstract discussion of the exact nature or character of a mere oil and gas lease prior to production. Here the lease, except for a ten-acre tract, had been released.  On the retained ten acres defendant was operating a commercial oil

well prior to and after the lessor's death. The lease on that acreage was in full force and effect at all times material herein. Defendant's right to continue to produce oil therefrom was a vested right and defendant was protected in exercising such vested right in conformity with the terms of the contract. (*Dickey v. Brick Co.*, 69 Kan. 106, 76 Pac. 398.) The covenants of such a lease ordinarily run with the land. (*Thiessen v. Weber*, 128 Kan. 556, 561, 278 Pac. 770.) The instant lease expressly recited the covenants thereof extended to the heirs, executors, administrators, successors and assigns of the parties. On the lessor's death his interest in the land and no more belonged to his estate. Defendant did not lose its vested rights by reason of the lessor's death. (*Benson v. Nyman*, 136 Kan. 455, 459, 16 P. 2d 963.)

We are not concerned here with a controversy between heirs alone relative to rights *in a decedent's estate*, whether claimed to have accrued prior to or after decedent's death. Nor is defendant attempting to take something *out of decedent's estate* which, if successful, would reduce the residue otherwise remaining for distribution. In other words defendant is asserting no claim whatever to any part of decedent's estate. It is not interested in that estate. It is merely defending its own vested rights against an attack by plaintiffs. The demand statute is not applicable.

It also may be well to state if defendant was extracting and removing oil which plaintiffs believed to be a part of decedent's estate, they had a clear remedy to protect the estate. Nothing prevented their having an administrator appointed who had authority to bring a quiet title action and to recover property belonging to decedent's estate. (G. S. 1949, 59-1401; *In re Estate of Thompson*, 164 Kan. 518, 523, 190 P. 2d 879.) This they failed to do.

Plaintiffs assert the district court lacked jurisdiction to determine the rights defendant asserted in its answer. Those rights did not pertain to decedent's estate or to the distribution thereof. The contention is not good. (*Sheedy v. Willoughby*, 157 Kan. 508, 513, 142 P. 2d 801; *In re Estate of Thompson*, supra, and cases therein cited.) Moreover, plaintiffs invoked the jurisdiction of the district court for all purposes of their causes of action.

We have not overlooked various cases cited by the respective parties on the subjects heretofore treated. An examination of the facts therein contained discloses no ruling contrary to the conclusion herein reached.

Plaintiffs argue the costs of the action should not have been taxed against them. Defendant's answer alleged releases of the entire acreage. The releases were admitted in the pretrial conference. Defendant's answer also disclaimed any further right, title or interest in the lease. Defendant prevailed on the second cause of action. Under these circumstances we shall not disturb the judgment respecting costs.

The judgment is affirmed.