## No. 39,873

THE CITY OF McPHERSON, KANSAS, CITY OF MOUNDRIDGE, KANSAS, CITY OF INMAN, KANSAS, *Appellees,* v. R. V. SMRHA, Chief Engineer of the Division of Water Resources, Kansas State Board of Agriculture, Topeka, Kansas, *Appellant.*

(293 P. 2d 239)

Opinion filed January 28, 1956.

*Warden L. Noe,* special assistant attorney general, and *William P. Timmerman,* of Wichita, argued the cause, and *Harold R. Fatzer,* attorney general, and *Paul Wilson,* assistant attorney general, were with him on the briefs for the appellant.

*Russ B. Anderson, J. R. Rhoades,* and *George R. Lehmberg,* all of McPherson, were on the briefs for the appellees.

The opinion of the court was delivered by

ROBB, J.: This was an appeal from an order of the trial court overruling appellant's motion to quash an appeal to that court from an order of appellant determining the vested rights of appellee water users together with sixteen other water users who are not parties to this appeal.

The appellant was R. V. Smrha, chief engineer of the division of

water resources of the state board of agriculture, and the appellees were the cities of McPherson, Moundridge, and Inman, which had had their vested rights as water users determined by appellant according to law. (G. S. 1949, 82a-704; 82a-706.)

After the determination of the vested rights of appellee water users, they took an appeal therefrom to the district court of McPherson county within a sixty day period as provided by G. S. 1949, 82a-704, as follows:

"The order of determination of the chief engineer shall be in full force and effect . . . unless and until . . . stayed by an appeal . . . to the district court of the county in which the point of diversion of such use is located. All such appeals from the order of the chief engineer must be filed within sixty days after posting and mailing of the notice of such order of determination."

Appellees have presented two contentions on the motion to dismiss the instant appeal. The first is that prior to 1955 under our laws there was no statutory provision for an appeal to this court from a ruling of the district court on an appeal to that court from a ruling of the chief engineer of water resources; and second, that the order overruling the motion to quash was not a final order or judgment and, therefore, it is not appealable.

We will cover the second contention first for the reason that should appellees be correct, then we do not have the first contention properly before us and as a result thereof we cannot consider it in the instant appeal.

In the case of *Barnhouse v. Rowe*, 178 Kan. 248, 284 P. 2d 618, an order overruling a motion which was not a final order or equivalent to a demurrer was held not appealable, and likewise in *Vogt v. Drillers Gas Co.*, 178 Kan. 146, 283 P. 2d 442, it was held an order sustaining in part and overruling in part a motion to strike portions of an amended petition was not an appealable order. In these two cases the statutes and some of our earlier cases which set out what orders are appealable were discussed. (See, also, *Vandegrift v. City of Wichita*, 176 Kan. 141, 269 P. 2d 477.)

A case even more in point here than the above cases is *Western Light & Telephone Co. v. Toland*, 177 Kan. 194, 277 P. 2d 584, where in an eminent domain proceedings to condemn land an appeal from the award of the appraisers was taken by the condemner. The landowner, among other things, moved to dismiss the appeal of the condemner and his motion was overruled by the district court. The landowner took an appeal from that order and this court in effect

said that an order *sustaining* a motion to dismiss such an appeal from an award of appraisers is final and ends the proceedings (following G. S. 1949, 60-3302; 60-3303) but an order *overruling* such a motion does not have that effect, is not final and, prior to final judgment, is not appealable. (*Heiman v. State Highway Comm.*, 146 Kan. 315, 69 P. 2d 685; *Singleton v. State Highway Comm.*, 166 Kan. 406, 201 P. 2d 650; *Kansas State Highway Comm. v. Moore*, 166 Kan. 408, 201 P. 2d 652.)

The same conclusion—that an order by a district court denying a motion to dismiss an appeal taken from an award by appraisers in a condemnation proceedings is not a final order and is not appealable —was reached in *Western Shale Products Co. v. City of Fort Scott*, 172 Kan. 336, 239 P. 2d 828.

By reason of the authorities cited, which are only a few of many to the same effect, we are constrained to hold that we do not have jurisdiction in this matter and in view thereof the other point challenging the appellate jurisdiction of this court at this time need not be discussed.

The appeal is dismissed.