No. 40,011

THE WICHITA CHAMBER OF COMMERCE, *Appellee,* v. THE STATE CORPORATION COMMISSION OF THE STATE OF KANSAS, et al., *Appellants.*

(295 P. 2d 670)

Opinion filed April 7, 1956.

*J. William Townsend,* of Topeka, and *A. Wayne Murphy,* of Wichita,

argued the cause, and *C. C. Linley, Harold E. Jones, J. B. Reeves,* and *Clayton M. Davis,* all of Topeka, and *Payne H. Ratner, Louise Mattox, Payne H. Ratner, Jr., Russell Cranmer, Dale B. Stinson, Jr., Cliff W. Ratner, William L. Fry, Ray A. Overpeck, Bernard V. Borst, H. K. Greenleaf, Jr.,* and *D. Clifford Allison,* all of Wichita, were with them on the briefs for the appellants.

*Verne M. Laing,* of Wichita, argued the cause, and *Lester L. Morris, Ferd E. Evans, Jr.,* and *Ralph R. Brock,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: This was an appeal from the trial court's order overruling motions to dismiss, a motion to strike, and demurrers filed by the different appellants attacking appellee's application under G. S. 1949, 66-118c, for a review of an order made by the state corporation commission involving freight rates and service of appellant motor common carriers.

The first question raised by appellee challenges the right of appellants to be heard and this must be determined at the outset.

The law controlling this matter is G. S. 1949, 66-118c, pertinent parts of which state:

". . . the applicant may apply to the district court . . . for a review of such order or decision . . . The application for review shall be filed in the office of the clerk of the district court . . . and shall specifically state the grounds for review upon which the applicant relies and shall designate the order or decision sought to be reviewed. The clerk of the district court shall immediately serve a certified copy . . . to the secretary of the state corporation commission at his office at the state capitol. The secretary shall immediately notify all parties who appeared in the proceedings before the commission, by registered mail, that such application for review has been filed."

We next turn to G. S. 1949, 66-118d which, after providing what the secretary of the commission shall do and what the parties may do regarding a transcript of the proceedings and filing thereof with the clerk of the district court, contains the following pertinent provisions:

"Said proceedings for review shall be for the purpose of having the lawfulness or reasonableness of the original order or decision or the order or decision on rehearing inquired into and determined, and the district court . . . shall have the power to vacate or set aside such order or decision on the ground that such order or decision is unlawful or unreasonable . . . The procedure . . . in the district court and upon appeal to the supreme court . . . shall be the same as in other civil actions, except as herein provided."

Without going into an elaborate and detailed discussion, we think

it is clear that an application for review of an order of the corporation commission does not have all the elements of a petition as prescribed by G. S. 1949, 60-704, which reads in part:

"The petition must contain:
"*First.* The name of the court and the county . . . and the names of . . . plaintiff and defendant, followed by the word 'petition.'
"*Second.* A statement of the facts constituting the cause of action. . . .
"*Third.* A demand of the relief to which the party supposes himself entitled. . . .,"

but without determining whether it is a petition, or is tantamount to a petition, we believe such an application more resembles a notice of appeal as is shown by G. S. 1949, 60-3306 and 60-3308. We conclude the application under consideration here, which we have carefully examined, cannot be a petition within the purview of the statutes above quoted.

Since the application was not a petition then a demurrer was not a proper test of the sufficiency of the application for review of the order made in this case by the corporation commission and, therefore, the demurrer could be nothing more than a motion to dismiss, quash, or strike. (G. S. 1949, 60-703.)

Trial court orders overruling motions to dismiss, quash, or strike have been consistently held not to be appealable orders under G. S. 1949, 60-3302 and 60-3303 and as a result appeals in such cases have been dismissed. (*City of McPherson v. Smrha,* 179 Kan. 59, 293 P. 2d 239.)

Appellants rely on *Wright v. Rogers,* 167 Kan. 297, 205 P. 2d 1010, but that case is not applicable here because it was an action in the district court wherein a *petition* had been filed to enforce a trust relating to land. A demurrer was a proper pleading under such circumstances.

For a more complete and helpful discussion of the statutes relating to orders of the corporation commission and the procedure in the district court on appeal, see *City of McPherson v. State Corporation Commission,* 174 Kan. 407, 257 P. 2d 123.

The appeal is dismissed.