No. 41,077

CITIES OF HESSTON and SEDGWICK, and HARVEY HENSLEY, CITIES OF BURRTON and HALSTEAD, *Appellees,* v. R. V. SMRHA, Chief Engineer, Division of Water Resources, Kansas State Board of Agriculture, Topeka, Kansas, THE CITY OF WICHITA, KANSAS, and THE CITY OF NEWTON, KANSAS, *Appellants.*

(336 P. 2d 428)

Opinion filed March 7, 1959.

*Warden L. Noe,* special assistant attorney general, argued the cause, and *John Anderson Jr.,* attorney general, and *Richard E. Pringle,* assistant attorney general, were with him on the briefs for the appellant, R. V. Smrha, chief engineer.

*Robert B. Morton,* of Wichita, argued the cause, and *Fred W. Aley,* and *Paul J. Donaldson,* both of Wichita, were with him on the briefs for the appellant, the city of Wichita.

*George A. Robb,* of Newton, argued the cause, and *J. Sidney Nye* and *Arnold C. Nye,* both of Newton, were with him on the briefs for the appellant, the city of Newton.

*Kenneth G. Speir,* of Newton, argued the cause, and *Vernon A. Stroberg, Herbert H. Sizemore,* and *Richard F. Hrdlicka,* all of Newton, were with him on the briefs for the appellee cities of Hesston and Sedgwick, and *Arthur N. Turner,* of Newton, was with him on the briefs for the appellee city of Halstead.

*Earl B. Shurtz,* research counsel for the state water resources board, was on the briefs *amicus curiae.*

*Frederick Woleslagel,* of Lyons, argued the motion for dismissal of the appeal as to Harvey Hensley, and/or his heirs.

The opinion of the court was delivered by

ROBB, J.: This appeal is from a judgment of the trial court, made and entered during a pretrial conference, ruling that the Water Appropriation Act of 1945 (G. S. 1949, 82a-701, *et seq.,* as amended) is unconstitutional, null and void, as being violative of the constitution of the state of Kansas and the fourteenth amendment of the federal constitution.

Our attention is first directed to the special appearance and motion made by the heirs of Harvey Hensley, now deceased, seeking dismissal of this appeal so far as they are concerned by reason of appellants' failure to serve notice of appeal upon them. The affidavit filed in support of the motion shows that Harvey Hensley's death occurred subsequent to his taking an appeal from that part of the order of determination of vested water rights made by the chief engineer pertaining to Hensley as a user of water for irrigation purposes. The affidavit further shows that Van Cleve Sooter was the duly-appointed, qualified and acting administrator of Hensley's estate. The record shows that the notices of appeal by the city of Wichita and the city of Newton were both directed to and served upon "Van Cleve Sooter, Administrator of the Estate

of Harvey Hensley, Deceased, and Bernard Peterson and John W. Plummer, his attorneys." As a result of this record, the motion of the heirs is not well taken and it is hereby overruled.

Other preliminary questions will be treated in their appropriate order.

As stated, certain orders were made by the chief engineer of the division of water resources of the state board of agriculture (who will hereafter be referred to as the engineer) wherein he determined vested water rights of the users involved in this appeal to waters from the equus beds in Harvey county. It should be noted that the city of Newton is one of the appellants in the present appeal although the briefs and abstracts erroneously show it as an appellee here. On October 23, 1953, appellee cities, the city of Newton, and Harvey Hensley filed a notice of appeal to the district court which, omitting the names of the appellants, in pertinent part reads:

". . . have appealed, and do hereby appeal to the District Court of Harvey County, Kansas, from the Orders and Decisions rendered and made by the Chief Engineer of the Division of Water Resources, Kansas State Board of Agriculture, on the 15th day of September, 1953, whereby it was by said Chief Engineer decided, ordered and adjudged that the above named Cities and Harvey Hensley had only limited vested rights in and to the waters of Equus Beds lying in Harvey County, Kansas and elsewhere; and whereby it was by said Chief Engineer decided, ordered and adjudged that the City of Wichita, Kansas had a vested right in said Equus Beds lying in Harvey County, Kansas to the extent of twenty-five thousand acre feet per year, all as more fully appears from said Orders and the 'Abstract of Vested Rights for Harvey County, Kansas,' filed in the office of said Chief Engineer, and concerning which, these appellants, and each of them, received notice by registered mail.

"You are further notified that this appeal is not only from the Order with respect to the vested rights of these appellants, but also from the Order determining that the City of Wichita, Kansas, had any vested rights."

The above notice of appeal recited in the caption that the appeal was taken from,

"Orders of September 15, 1953.
"Determining Certain Vested Rights."

On October 28, 1954, the engineer entered his special appearance and moved to quash the attempted appeal because the district court was without jurisdiction. This motion was argued to the court on November 4, 1954. A comparable motion was filed by the city of Wichita on January 11, 1955, and was considered by the trial court along with the engineer's motion. The arguments contained several grounds pointing out that the vested rights of seven water users

had been determined, that only six appellants were attempting to appeal jointly, and that the notice of appeal had been served upon only the engineer and the city of Wichita. Among the propositions argued were the following:

"(6) Since the purported appellants have failed to file any petition or bill of particulars in the docketed actions within 60 days after entry of the respective orders of the Chief Engineer, have they failed to complete and perfect their notices of appeal within time?

"(7) . . . does the failure on the part of the appellants, or any of them, to motion the Chief Engineer for a transcript of his proceedings in the determination of vested water rights, or any of these orders entered by him, within 60 days after the filing of the notice of appeal, constitute a failure to perfect and complete the notice of appeal within the meaning of the statute?"

The engineer later moved to and did withdraw these two portions of his contentions.

Admission was made in the argument that Wichita owned the land in the equus beds in Harvey county upon which its wells were located and wherefrom the water came that the engineer had determined Wichita had a vested right to use. It must be conceded that the district court of Harvey county has jurisdiction over land located within its territorial limits.

The trial court overruled the foregoing motions of Wichita and the engineer and they appealed from that order. On January 28, 1956, in *Cities of Hesston & Sedgwick v. Smrha*, 179 Kan. 72, 293 P. 2d 241, this court dismissed the appeal in accordance with the views expressed in *City of McPherson v. Smrha*, 179 Kan. 59, 293 P. 2d 239, decided the same day, where it was held that the order of the district court overruling the motion to dismiss the appeal to that court was not a final order and no jurisdiction was obtained.

It is again urged that error was committed by the trial court when it overruled the motions to quash the appeal and the notices thereof. In view of the record and the admissions, we can arrive at no other conclusion than that the trial court was correct in deciding it had jurisdiction over the subject matter and the parties and it did not err in overruling those motions. A detailed discussion of the argument advanced by counsel on this proposition would only unduly lengthen this opinion and we will, therefore, move on to other important questions.

The most vital issue presented by this appeal is covered by a number of the specifications of error appearing in the record. Summarized in brief these specifications are the trial court erred in

holding that the Water Appropriation Act of 1945 could be challenged as to its constitutionality and in holding that it was unconstitutional at a pretrial conference without any written pleading or specifications of error having been filed.

As heretofore stated, the only record before the trial court was the notice of appeal above set out in pertinent part. It is admitted in the argument by appellee cities that,

"Most assuredly, the notice of appeal does not have any characteristics nor elements of a petition, as prescribed by the Code of Civil Procedure, G. S. 1949, 60-704."

The arguments of both parties disclose that appeals such as were here attempted from the orders of the engineer are governed by G. S. 1949, 60-3308 which provides that where a statute sets out no procedure for the taking of an appeal, the applicable statute is G. S. 1949, 60-3306, wherein the legislature defined the necessary contents of the notice of appeal and the method of service of such appeal to the Supreme Court.

Appellee cities contend their appeal was similar to one where there was an application for review of orders of the state corporation commission, which application was held more nearly to resemble a notice of appeal, although it did not have all the elements of a petition and for that reason could not be a petition (*Wichita Chamber of Commerce v. State Corporation Commission,* 179 Kan. 386, 388, 295 P. 2d 670); and further, that a petition for judicial review of an order of the state corporation commission need not set forth specifications of error on the part of the commission. (*Jackson v. State Corporation Commission,* 183 Kan. 246, 326 P. 2d 280.) Be that as it may, the notice of appeal here being considered obviously could not have been considered by the trial court as a petition or any other pleading which would tend to raise an issue, or any part of an issue, in this case.

G. S. 1949, 60-2902, providing for the determination of questions of law in advance of trial, reads:

"Issues of law must be tried by the court or judge unless referred. The court or judge may in his discretion hear and pass upon any or all questions of law arising in the case, *not raised by motion or demurrer* but appearing to be involved in the case *under the allegations of the pleadings,* as well as those raised by motion or demurrer, *in advance of the trial of the facts,* and the questions so decided and the rulings of the court thereon shall be stated in writing and filed as a part of the record in the case." (Our emphasis.)

Briefly summarized, other sections of our General Statutes of 1949 which apply to pretrial procedure provide that issues are those which arise on the pleadings where a fact or conclusion of law is maintained by one party and controverted by the other (60-2701); that an issue of law arises upon a demurrer to a petition, answer or reply (60-2702); when issues of law or fact arise upon the pleadings, the issues of law must be first tried unless the court otherwise directs (60-2704); and finally, the court may direct the attorneys to appear for a conference to consider simplification of issues, necessity or desirability of amendments to the pleadings, the possibility of obtaining admissions of fact and documents avoiding unnecessary proof, and such other matters as may aid in the disposition of the action. (60-2705.)

On March 22, 1956, separate motions by the appellee cities, the city of Newton, and Hensley, seeking an order requiring the engineer to file a transcript of the proceedings before him, together with certified copies of his orders, were overruled by the trial court. On the opening day of the May, 1956, term of court at what counsel for appellee cities, the city of Newton, and Hensley termed was "in the nature of a pretrial conference" the certified transcripts of the proceedings before and orders made by the engineer were presented to the trial court by the aforementioned cities and Hensley and were marked exhibits "A," "B," and "C," *but they were not admitted by the trial court* due to absence of counsel for the litigants on the other side. No further proceedings were carried on at that time but the trial court did order a pretrial conference for June 4, 1956, when the engineer and Wichita appeared specially. Some thirteen exhibits were marked for identification but none of them was admitted with the result that there remained before the trial court only the notice of appeal. The trial court requested briefs of counsel covering questions as to whether the trial would be *de novo* or a review, who the indispensable parties were, whether the holder of a vested right could challenge the vested right of another vested right-holder, and whether a combination of granted and denied vested rights could be considered and determined in one appeal.

Due to lapse of time and change of circumstances not necessary to elaborate upon herein, a different and successor judge held a further pretrial conference on May 16, 1957, where all parties appeared by respective counsel. The engineer and Wichita chal-

lenged the procedure because all the questions on appeal had not been delineated, and counsel for appellee cities stated, in substance, that it was admitted the trial court could permit whatever written pleadings, amendments or specifications of error necessary to get the cases before the court on their merits, and if the court thought appellee cities should do so, they would file such pleadings, etc., to inform opposing parties fully as to the measure, scope, and extent of the objections. However, appellee cities thought their brief sufficiently set out the objections although it was repeated they were willing to present them more formally. No such order was made. The trial court did make the following inquiry of counsel for the appellee cities, "Now this is not the pretrial conference now is it?" This query was answered affirmatively and again the same counsel offered to file formal pleadings for the assistance of the court and in order to prevent surprise to opposing counsel. At this stage, the exhibits were again offered and through a colloquy between counsel and in turn with the court, the question of the constitutionality of the Water Appropriation Act appeared to dominate what one of the counsel described as the "oratory." However, the engineer and Wichita strongly urged that while the constitutional question would have to be decided sometime, it was not then properly before the court. Without making any order admitting the exhibits or determining their relevancy, or requiring any pleadings, the trial court took the matter under advisement.

On November 12, 1957, the opening day of the November, 1957, term of the Harvey district court, findings were made that the Water Appropriation Act of 1945 (G. S. 1949, 82a-701, *et seq.*, as amended) was unconstitutional, being in violation of the fourteenth amendment of the federal constitution, as having no provision for notice, right to be heard, compensation, or other requirements of due process of law.

Motions for new trial were filed by the engineer, Wichita, Newton, the heirs of Hensley, Burton and Halstead. Motions by the heirs of Hensley, Burton and Halstead were withdrawn and the motions of the engineer, Wichita and Newton were argued and overruled. A "Pre-trial Order and Journal Entry of Judgment" was entered, over objections of the engineer, wherein, among other reasons, it was stated:

"The proposed Journal Entry purports to cover a vacation and setting aside of certain vested right orders and determinations of the Chief Engineer of the

Division of Water Resources of the Kansas State Board of Agriculture and entering of findings and judgment of unconstitutionality without such issues having been raised by any pleadings in any of such four cases and without any motions for judgment to such effect having been filed."

Timely notices of appeal were filed on behalf of Newton, Wichita, and the engineer and hence this appeal.

This court said in the early case of *Stelling v. Kansas City*, 85 Kan. 397, 116 Pac. 511:

"Acts of the legislature are presumed to be constitutional and valid and no challenge thereof should be entertained unless the particular constitutional provision alleged to be violated or the particular controlling record to prove the invalidity *be pleaded.*" (Our emphasis.) (Syl. ¶ 2.)

The Stelling opinion was cited with approval in *Missionary Baptist Convention v. Wimberly Chapel Baptist Church*, 170 Kan. 684, 228 P. 2d 540. The latter case specifically held that courts will not assume to pass upon constitutional questions unless they are properly before them and further stated:

"The general rule of law is well stated in 16 C. J. S. 220-225, that a court will not inquire into the constitutionality of a statute on its own motion; that only those constitutional questions which are duly raised and insisted upon and are adequately argued will be considered. Accordingly the invalidity of a statute, to be relied on, must ordinarily be specifically raised by the pleadings." (p. 688.)

The Missionary Baptist Convention case ruling was reiterated and approved in *State, ex rel., v. Richardson*, 174 Kan. 382, 390, 256 P. 2d 135. One of our recent declarations of the above rules is set out in *Board of County Commissioners v. Brown*, 183 Kan. 19, 325 P. 2d 382.

A comprehensive discussion of reasons for G. S. 1949, 60-2902, previously quoted herein, and a statement interpreting it was set out in *Cow Creek Valley Flood Prevention Ass'n v. City of Hutchinson*, 163 Kan. 261, 181 P. 2d 320, where it was held:

"G. S. 1935, 60-2902, interpreted and *held:* (1) It grants to district courts discretionary power to determine questions of law arising under allegations of the pleadings, in advance of the trial of the facts, irrespective of whether such questions are raised by motion or demurrer; (2) questions of law so determined are intended to govern the trial of the facts and can be determined only after pleadings are completed, pursuant to the provisions of the civil code, and the issues in the case are fully joined; (3) the statute was not intended to deprive parties of their rights under the civil code to attack pleadings by motion or demurrer in order to obtain a ruling thereon and to have the ruling reviewed, if appealable; and (4) a determination of questions of law prior to a completion of the pleadings and a full joinder of all issues in the

case is premature and an attempted appeal from any of such rulings is likewise premature."

In the body of the above opinion this court in its discussion of the true purpose of 60-2902, after stating that a trial court is vested with the discretion to determine, in advance of trial, questions of law arising in a case, warns that the statute grants such discretionary power to pass upon questions of law arising in the case *only* under the allegations of the pleadings, and further states:

"That means all of the pleadings that may be filed under the provisions of the civil code. Until such pleadings are completed it cannot be certain that the issues are fully joined. *Until the issues are fully joined there can be no determination of questions of law which may be relied upon to govern the trial of the case.*" (Our emphasis.) (p. 263.)

Among other determinations, this court in *Harding v. Continental Pipe Line Co.,* 172 Kan. 724, 726, 243 P. 2d 199, decided the trial court had properly entered judgment in a pretrial conference after all pleadings were filed and issues made up and there was a stipulation of the facts by the parties. The Harding opinion shows how lacking our present case is in the essentials necessary to be carried out before a pretrial conference can be conducted and certainly before any proper or meritorious orders can be made regarding questions of law.

In view of these authorities and the total absence of any pleadings and issues in the record before it, the conclusion is inescapable that the trial court had no authority to conduct a pretrial conference —much less render any proper or meritorious determination of questions of law—and under such a record as is shown here it definitely had no authority to determine the constitutionality of the Water Appropriation Act.

An informative discussion of the advantages and practicability of our pretrial conference procedure under G. S. 1949, 60-2705, written by the Honorable A. K. Stavely, appears in 2 University of Kansas Law Review, *Pretrial—Five Years After,* p. 360, 1953-1954.

By reason of our conclusion herein it is not necessary to consider and pass on any of the other questions raised by the parties in this appeal.

Judgment reversed and cause remanded for further proceedings in the trial court in conformity with the views expressed in this opinion.

SCHROEDER, J., not participating.