No. 41,737 and No. 41,746

CITIES OF HESSTON AND SEDGWICK, and HARVEY HENSLEY, CITIES OF BURRTON AND HALSTEAD, and THE CITY OF NEWTON, KANSAS, *Appellees*, v. R. V. SMRHA, Chief Engineer, Division of Water Resources, Kansas State Board of Agriculture, and THE CITY OF WICHITA, KANSAS, *Appellants*.

(351 P. 2d 204)

Opinion filed April 9, 1960.

*Warden L. Noe*, special assistant attorney general, argued the cause, and *John Anderson, Jr.*, attorney general, and *Richard E. Pringle*, assistant attorney general, were with him on the briefs for the appellant chief engineer.

*Robert B. Morton,* of Wichita, argued the cause, and *Fred W. Aley,* of Wichita, and *J. Rodney Stone,* of Newton, were with him on the briefs for the appellant city of Wichita.

*Kenneth G. Speir,* of Newton, argued the cause, and *Vernon A. Stroberg, Herbert H. Sizemore,* and *Richard F. Hrdlicka,* all of Newton, were with him on the briefs for appellees Ruby K. Hensley and Maurita Jean Sooter.

The opinion of the court was delivered by

ROBB, J.: This is the third appearance of this matter before the supreme court (*Cities of Hesston & Sedgwick v. Smrha,* 179 Kan. 72, 293 P. 2d 241; *City of Hesston v. Smrha,* 184 Kan. 223, 336 P. 2d 428) and the appeal is from the trial court's order overruling separate and identical motions of the city of Wichita and Smrha to dismiss the attempted action as to appellant Van Cleve Sooter, administrator of the estate of Harvey Hensley, deceased, for the reason that the estate was closed and the administrator discharged on October 27, 1956, and that more than one year had expired since that date without any revivor action in the names of the heirs or devisees of Harvey Hensley.

The appeals were consolidated by this court on November 14, 1959, upon a stipulation dated October 15, 1959, signed by all counsel of record that the decision in one appeal will govern the decision of the other appeal.

The record reflects that the only instrument before the trial court in this case, the same as the situation in the City of Hesston case (184 Kan. 223) was a notice of appeal filed on October 23, 1953, set out in the former opinion, and there held not to be a petition or any other pleading which could raise any issue in the trial court. The transcript of the record made before the chief engineer of the division of water resources of the state board of agriculture has not yet been admitted by the trial court.

Although this record narrates a great deal of extraneous colloquy between counsel and the trial court concerning questions of law not germane to the motion to dismiss and which, under the City of Hesston case were not properly before the trial court, the court below had no authority to determine those legal questions, and we do not propose to discuss them herein. Our opinion in the City of Hesston case fully informed counsel and the trial court that the trial court had no authority to do what it there attempted to do and what it is here attempting to do. (p. 231, ¶ 4.)

The only question this appeal presents, and the only one we

intend to determine, is whether there was a final order of the trial court from which this appeal could be taken. The answer is "No." (G. S. 1949, 60-3302; *Cities of Hesston & Sedgwick v. Smrha,* supra.) The appeal is ordered dismissed and the costs are to be divided equally between the appellants and the appellees.

Responsibility for the unreasonable delay in joining issues before the trial court in this litigation cannot be pinpointed except from statements of counsel made during oral argument which were as readily denied as they were made but it has become clear that the only method whereby this proceeding will ever be terminated is for this court to see that some forward steps are taken toward that end. It is therefore further ordered that the trial court admit the transcript of the record presented before the chief engineer so that it will become a part of the record before the trial court, and the trial court shall proceed forthwith to try out the issues raised thereby, or if the parties who appealed from the orders of the chief engineer desire to file a petition setting out their contentions, the same *shall be filed* within sixty days from the recording of the mandate herein with the clerk of the district court, and in turn, if the opposing parties desire to file an answer setting out their defenses, the same *shall be filed* within thirty days after the date the petition is filed. The trial court shall forthwith proceed to hear and determine the issues raised by such pleadings. Other than the above, no further motions, applications, or pleadings are to be filed by either or any party in this litigation.

Appeal dismissed and cause remanded with directions.