No. 41,880

CITIES OF HESSTON AND SEDGWICK, and HARVEY HENSLEY, CITIES OF BURRTON AND HALSTEAD and the CITY OF NEWTON, KANSAS, *Appellees*, v. R. V. SMRHA, Chief Engineer, Division of Water Resources, Kansas State Board of Agriculture, *Appellant*, THE CITY OF WICHITA, KANSAS, *Appellee*.

(352 P. 2d 1053)

Opinion filed June 11, 1960.

*Richard E. Pringle*, Assistant Attorney General, and *Warden L. Noe*, Special Assistant Attorney General, of Topeka, argued the cause, and *John Anderson, Jr.*, Attorney General, of Topeka, was with them on the briefs for R. V. Smrha, Chief Engineer, appellant.

*Kenneth G. Speir*, of Newton, argued the cause, and *Vernon A. Stroberg, Herbert H. Sizemore* and *Richard F. Hrdlicka*, all of Newton, were with him on the briefs for the cities of Hesston and Sedgwick, and Ruby K. Hensley and Maurita Jean Sooter (heirs at law of Harvey Hensley, deceased), appellees.

*Arthur N. Turner*, of Newton, was on the briefs for the cities of Newton and Halstead, appellees.

*John W. Plummer*, of Newton, was on the briefs for the city of Burrton, appellee.

*Fred W. Aley* and *Robert B. Morton,* both of Wichita, were on the briefs for the city of Wichita, appellee.

The opinion of the court was delivered by

FATZER, J.: This is the fourth appearance of this controversy (*Cities of Hesston & Sedgwick v. Smrha,* 179 Kan. 72, 293 P. 2d 241; *City of Hesston v. Smrha,* 184 Kan. 223, 336 P. 2d 428; *City of Hesston v. Smrha,* 186 Kan. 477, 351 P. 2d 204), and the instant appeal is from an order dismissing the chief engineer of water resources as a party to a proceeding pending on appeal in the district court from an order entered by the chief engineer on September 15, 1953, determining certain vested rights of individual water users under the Water Appropriation Act of 1945 (G. S. 1949, 82a-701, *et seq.,* as amended).

On October 23, 1953, five cities of the state: Burrton, Halstead, Hesston, Newton and Sedgwick, and one Harvey Hensley, since deceased, perfected an appeal to the district court pursuant to G. S. 1949, 82a-704. The notice of that appeal is not set forth in this opinion since it was quoted at length at page 225 in the opinion deciding the second appeal (184 Kan. 223). No comment will be made concerning it except to say the appeal was not only from the order determining certain vested rights of those appellants, but was also from the order determining that the city of Wichita had certain vested rights in the waters of the equus beds lying in Harvey County.

On April 15, 1959, the mandate of this court in the second appeal (184 Kan. 223) was spread of record in the district court. Without any pleadings or other instruments being subsequently filed, the district court set the matter for further hearing on June 17, 1959. Shortly prior to that date, the city of Wichita and the chief engineer filed motions for an order dismissing the administrator of Harvey Hensley's estate as a party to the proceeding in the district court. At the commencement of the hearing on June 17, 1959, those motions were considered and during the course of their presentation counsel for the appellants (appellees here) orally moved to strike the motion of the chief engineer for the reason that he was not a proper party to the proceeding; that he had no right to participate as a litigant nor attempt to control the issues or the course of the trial. Counsel for the chief engineer objected to the hearing of the oral motion to dismiss upon the ground that the chief engineer had

not been given a three days' notice in compliance with rules of this court relating to procedure of district courts (G. S. 1949, 60-3827, Rule No. 48). At the conclusion of the hearing, the district court sustained the motion of the appellants and dismissed the chief engineer as a party to the proceeding.

As previously indicated, this litigation is no stranger to this court. In the second appeal (184 Kan. 223) it was held:

"A notice of appeal from a determination by the chief engineer of the division of water resources of the state board of agriculture is not a petition nor any other pleading and cannot raise any issue in the trial court." (Syl. ¶ 2.)

In the opinion it was said:

"In view of . . . the total absence of any pleadings and issues in the record before it, the conclusion is inescapable that the trial court had no authority to conduct a pretrial conference—*much less render any proper or meritorious determination of questions of law.* . . ." (l. c. 231.) (Emphasis supplied.)

In the opinion in the third appeal (186 Kan. 477) it was said:

"Responsibility for the unreasonable delay in joining issues before the trial court in this litigation cannot be pinpointed except from statements of counsel made during oral argument which were as readily denied as they were made but it has become clear that the only method whereby this proceeding will ever be terminated is for this court to see that some forward steps are taken toward that end. It is therefore further ordered that the trial court admit the transcript of the record presented before the chief engineer so that it will become a part of the record before the trial court, and the trial court shall proceed forthwith to try out the issues raised thereby, or if the parties who appealed from the orders of the chief engineer desire to file a petition setting out their contentions, the same *shall be filed* within sixty days from the recording of the mandate herein with the clerk of the district court, and in turn, if the opposing parties desire to file an answer setting out their defenses, the same *shall be filed* within thirty days after the date the petition is filed. The trial court shall forthwith proceed to hear and determine the issues raised by such pleadings. *Other than the above, no further motions, applications, or pleadings are to be filed by either or any party in this litigation.*" (l. c. 479.) (Emphasis supplied.)

We do not pass upon the question whether the order of the district court dismissing the chief engineer as the party to the proceeding, and the instant appeal, were taken in disregard of former decisions of this court, but it should be clear to the litigants and to counsel that the orders of this court in both the second and third appeals were required to be carried out in all respects and the litigation speedily determined. As the opinions in those appeals clearly indicate, the parties were directed to file pleadings, and make up the

issues and have them decided at an early date. See G. S. 1959 Supp., 82a-724.

When this appeal was argued it was stated by counsel for all the parties that pleadings had not been filed. Until the issues have been framed by the pleadings of all those who claim to be proper or necessary parties, this court will not speculate as to who will or will not file them and the question whether the chief engineer is a proper or necessary party is not before us. That question can only arise in the event pleadings are filed by him in support of the order on appeal. Hence, under the present state of the record, no justiciable issue was presented to the district court nor to this court on appeal, and the district court erred in sustaining the appellants' motion to dismiss the chief engineer as a party to the proceeding.

Again, we refer to the second and third appeals (184 Kan. 223 and 186 Kan. 477) where this court directed the district court and the litigants to make up the issues within the time stated and to proceed forthwith to hear and determine them to the end that this litigation may be speedily terminated. Those opinions indicate the desire of this court that no further motions, applications or pleadings, other than those specifically referred to, are to be filed by either or any party, and no appeal taken from any order or decision until all issues have been resolved and a final judgment rendered.

The judgment is reversed and the cause remanded with directions.