No. 41,851

Roy Grant Babcock, *Appellant* and *Cross-Appellee*, v. Bertha May Kennedy, *Appellee* and *Cross-Appellant*.

(358 P. 2d 724)

Opinion filed January 21, 1961.

*Walter B. Patterson,* of Fort Scott, argued the cause, and *John C. McCall,* of Chanute, was with him on the briefs for the appellant and cross-appellee.

*Paul L. Wilbert,* of Pittsburg, argued the cause, and *Randall D. Palmer* and *E. Carter Botkin,* both of Pittsburg, were with him on the briefs for appellee and cross-appellant.

The opinion of the court was delivered by

Robb, J.: This is an appeal by plaintiff from the trial court's order of October 8, 1958, overruling plaintiff's formal written motions to make defendant's answer definite and certain and to strike therefrom, as well as the trial court's order of November 4, 1959,

during a pretrial conference, overruling a subsequent oral motion of plaintiff to strike which in part was identical to the one previously overruled. Defendant cross-appeals from the trial court's order overruling her motion for judgment on the pleadings and plaintiff's evidence presented at the pretrial conference as well as from her motion to dismiss the action on the ground the evidence showed plaintiff was guilty of contributory negligence.

Defendant first directs our attention to two questions as to this court's jurisdiction and contends there has been no final or appealable order from which an appeal could be taken, and if there were such an order, it was made more than sixty days before the appeal was perfected.

A brief statement of the sequence of events appears necessary to an understanding of the background of the first question as to whether the order was final or appealable.

On July 24, 1957, plaintiff's amended petition was filed; on August 9, 1957, defendant's answer was filed; on August 17, 1957, plaintiff attacked the answer by filing formal written motions to make definite and certain and to strike; on October 8, 1958, the trial court overruled the motions "in toto," from which order no appeal was taken; and on August 10, 1959, plaintiff's reply was filed.

On plaintiff's motion a pretrial conference (G. S. 1949, 60-2705) was commenced on October 21, 1959, and plaintiff at that time filed an oral motion to strike a portion of defendant's answer which was in part identical to the original formal written motion to strike filed on July 24, 1957, and overruled on October 8, 1958. The hearing was continued to give plaintiff opportunity to present evidence in support of his motion.

The fact that plaintiff's first motion to strike was written, while the second was oral, has no effect upon the determination of the appeal and mention is made thereto only to reflect accurately the record before us.

On November 4, 1959, when the pretrial conference was resumed, plaintiff introduced an affidavit and two letters in support of his second motion to strike and the motion was overruled. Thereupon defendant orally moved for judgment on the pleadings and evidence and to dismiss plaintiff's action, which motions were overruled by the trial court. Plaintiff's appeal and defendant's cross-appeal followed.

Plaintiff admits the inviolate rule which has controlled in a multitude of cases of this kind, and cites *Smith v. Wright*, 180 Kan. 584-589, 305 P. 2d 810, wherein this court clearly and definitely listed orders overruling motions to strike, to make definite and certain, and to separately state and number as not appealable and gave the reasons why they are not. Briefly, as applicable here, the reason would be that the order overruling plaintiff's motion is not appealable because it was not a final order (G. S. 1949, 60-3302) for it did not affect a substantial right in an action, did not in effect determine the action, and did not prevent a judgment (G. S. 1949, 60-3303). See *Lee v. Johnson*, 186 Kan. 460, 462, 350 P. 2d 772); *Mayfield v. Hesston Mfg. Co.*, 187 Kan. 91, 95, 353 P. 2d 789; *Wescoat v. State Highway Commission*, 187 Kan. 228, 356 P. 2d 841.

Defendant relies on the Lee and Mayfield decisions together with many of our other pronouncements of the rule generally as well as more particular statements regarding only motions to strike such as that found in the Mayfield case, but we think it unnecessary to set them all out in detail.

Plaintiff seeks to avoid the results of the application of this rule because the order appealed from was first made during a pretrial conference, and, second, upon the fact that the evidence which should have required the trial court to sustain the motion to strike was written or documentary and is now before this court the same as it was before the trial court in the pretrial conference, and therefore, we should consider it and determine whether the motion to strike should have been sustained or overruled. Plaintiff also contends a third matter which need not be set out at this time.

We have no desire to minimize the advisability, desirability, and value of the use of the pretrial conference in the furtherance of justice and as a beneficial aid to both the bench and bar. Where our courts have undertaken to make use of it and counsel have properly co-operated to carry out the intention of our pretrial conference legislation, it has been found to be efficient and expeditious. However, the extent to which the pretrial conference is a success in a lawsuit depends largely upon whether the particular members of the bench and bar who are participating in the lawsuit desire it so to be. The record in the case of *Harding v. Continental Pipe Line Co.*, 172 Kan. 724, 243 P. 2d 199, cited by plaintiff, contained a good pretrial conference which resulted in a comprehensive set of findings of fact, and after briefs were submitted by

the parties, a final judgment was entered by the trial court which was upheld by this court on appeal. However, in this instance we definitely do not have a final judgment and we cannot regard plaintiff's contention on this point as being of any assistance to him in avoidance of the rule in the Smith case, *supra*.

Had there been a final judgment as in the Harding case, then plaintiff's second point in regard to written or documentary evidence could have been considered under the rule stated in *In re Estate of Besse*, 163 Kan. 413, 183 P. 2d 414, cited and relied on by plaintiff, where a final judgment had been entered and was upheld by this court, but here we have neither of those circumstances.

Since there was no appealable order invoking the jurisdiction of this court involved in the plaintiff's appeal, it is dismissed, and defendant's cross-appeal must likewise be dismissed.

So ordered.