41,078

A. B. WILLIAMS, et al., *Appellees,* v. R. V. SMRHA, Chief Engineer of the Division of Water Resources, Kansas State Board of Agriculture, Topeka, Kansas, and THE CITY OF WICHITA, KANSAS, *Appellants.*

(389 P. 2d 756)

Opinion filed March 7, 1964.

*Warden L. Noe,* special assistant attorney general, argued the cause for the appellant, R. V. Smrha, chief engineer.

*Fred W. Aley, Robert B. Morton* and *Paul J. Donaldson,* of Wichita, were on the briefs for appellant, the City of Wichita.

*Kenneth G. Speir,* of Newton, argued the cause, and *Vernon A. Stroberg, Herbert H. Sizemore* and *Richard F. Hrdlicka,* of Newton, were with him on the briefs for the appellees.

The opinion of the court was delivered by

WERTZ, J.: This is a companion case to *City of Hesston v. Smrha,* 184 Kan. 223, 336 P. 2d 428. The same order of the trial court is here appealed from as in the *City of Hesston* case, and the issues are identical. The appeal is from the judgment of the trial court holding the Water Appropriation Act of 1945 (G. S. 1949, 82a-701, *et seq.,* as amended) to be unconstitutional, being in violation of the constitution of the State of Kansas and the Fourteenth Amendment of the federal constitution.

In *City of Hesston v. Smrha,* supra, there was a hearing before the chief engineer of the division of water resources of the state board of agriculture on the allocation of water rights. The chief engineer made the order and the plaintiffs appealed from that order to the district court. No pleadings whatsoever were filed in the district court, and the trial judge held two pretrial conferences at the conclusion of which he found the Water Appropriation Act above referred to to be unconstitutional, and the city appealed.

In the instant case plaintiffs filed a notice of appeal to the district court from a determination by the chief engineer of the division of water resources of the state board of agriculture. No pleadings of any kind were filed in this case in the district court. Absent any pleadings, the trial court held two pretrial conferences at the conclusion of which it found the Water Appropriation Act of 1945 to be unconstitutional and entered judgment accordingly.

In *City of Hesston v. Smrha,* supra, we said:

"Where the record shows that no petition or other pleadings were filed so that no issues were raised in the trial court it is *held,* that court had no authority to order a pretrial conference (G. S. 1949, 60-2705), or to consider and determine questions of law (G. S. 1949, 60-2902), and it definitely had no authority to consider or determine the constitutionality of a statute." (Syl. ¶ 1.)

No useful purpose would be gained in extending this opinion. Suffice it to say the judgment of the trial court is reversed under authority of *City of Hesston v. Smrha,* 184 Kan. 223, 336 P. 2d 428, and the case is remanded to the trial court with instructions to proceed in accordance with the views expressed in *City of Hesston v. Smrha,* 186 Kan. 477, 351 P. 2d 204.

It is so ordered.

FONTRON, J., not participating.