No. 43,261

Milton Katz, *Appellant*, v. Frances Katz, *Appellee*.

(382 P. 2d 331)

Opinion filed June 8, 1963.

*Harold K. Wells*, of Kansas City, argued the cause and *Albert M. Ross, James M. Barnett* and *Eldon L. Hagan*, all of Kansas City, were with him on the briefs for the appellant.

*Hallet C. Parrish*, of Olathe, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

Jackson, J.: This is a divorce action in which the plaintiff has filed his petition alleging that his wife has been incurably insane for a period of more than five years. She is presently an inmate of the Osawatomie State Hospital—a state institution for the insane. While she has not been in continuous residence in any one hospital for a period of five years, it is shown she has been in mental institutions and under psychiatric care in excess of five years.

In view of the above situation, the guardian *ad litem* appointed for the wife filed a demurrer to the petition of the husband and the trial court sustained the demurrer despite the amendment of the statute as found in G. S. 1961 Supp., 60-1501. The statute now reads as follows:

"Eleventh, insanity for a period of five (5) years, the insane person having been an inmate of any state or federal institution for the insane, or of a private sanitarium, and affected with any incurable type of insanity: *Provided,* That no divorce shall be granted because of insanity until after a thorough examination of such insane person by three (3) physicians to be appointed by the court before which such action is pending, all of whom shall agree that such insane person is incurable: *Provided further, however,* That no divorce shall be granted on this ground to any person whose husband or wife is an inmate of a state institution in any other than the state of Kansas, unless the person applying for such divorce shall have been a resident of the state of Kansas for at least five (5) years, prior to the commencement of an action: *And provided*

*further,* That a decree granted on this ground shall not relieve the successful party from contributing to the support and maintenance of the defendant."

The original draft of the Eleventh ground for divorce, Ch. 228, Laws of 1931, read as follows:

*"Eleventh,* insanity for a period of five years, the insane person having been an inmate of a state institution for the insane in the state of Kansas, or an inmate of a state institution for the insane in some other state for such period, or of a private sanitarium, and affected with any of the following types of insanity: paranoia; paresis; dementia praecox; Huntington's chorea, or epileptic insanity: *Provided,* That no divorce shall be granted because of insanity until after a thorough examination of such insane person by three physicians who are recognized authorities on mental diseases, one of which physicians shall be a superintendent of a state hospital for the insane, and the other two physicians to be appointed by the court before whom the action is pending, all of whom shall agree that such insane person is incurable: *Provided further, however,* That no divorce shall be granted on this ground to any person whose husband or wife is an inmate of a state institution in any other than the state of Kansas, unless the person applying for such divorce shall have been a resident of the state of Kansas for a least five years prior to the commencement of an action: *And provided further,* That a decree granted on this ground shall not relieve the successful party from contributing to the support and maintenance of the defendant."

It is clear from the last provision that the insane spouse must have been in a mental hospital for more than five years before the cause of action would lie. The language was changed somewhat in both the 1947 and the 1951 versions.

It will be noticed, of course, that the wife in this action had been in mental hospitals or institutions for considerably more than five years.

The statute may have been amended to more nearly fit most cases of incurable insanity. Although years ago, the mentally ill were simply put under custodial care and kept there, psychiatry is more experimental in these days. The wife in this case had been in and out of mental hospitals, public and private, since the early part of 1956, or for seven years.

Laws of 1931, Ch. 228 as noted read as follows:

*"Eleventh,* insanity for a period of five years, the insane person having been an inmate of a state institution for the insane in the state of Kansas or an inmate of a state institution for the insane in some other state *for such period* or of a private sanitarium . . . ." (Emphasis added.)

It will be seen that in the 1947 and 1951 versions of the act, the language "for such period" is omitted.

A case in point is *State, ex rel., v. Richardson,* 174 Kan. 382, 386, 256 P. 2d 135, where it is said:

"We will presume that the legislature in revising the mentioned statute intended to make some change in the existing law and we will, therefore, give effect to the amendment. A change in phraseology or a deleting of a phrase of the original act raises a presumption that the change of meaning was also intended. Summarized, it may be said that under G. S. 1949, 72-317, it was necessary to hold an election, that section being repealed by G. S. 1951 Supp. 72-507, the provisions pertaining to election being omitted, an election authorizing the joint building is not required, but is to be determined by the boards of the respective districts. Any other construction would simply mean the legislature accomplished nothing by its revision. It must be assumed it was intended to supply some want, to fill some deficiency, to add something to make existing legislation more complete. (*Brown v. Illinois Bankers Life Assur. Co.,* 144 Kan. 670, 674, 63 P. 2d 165; *City of Emporia v. Norton,* 16 Kan. 236.) Section 72-507 is complete in itself. It says definitely the two boards shall determine the question. They did so and the trial court erred in holding otherwise."

The majority of the court is of the opinion that the statute now means the insane spouse must have been insane for a period of five years but that it is not necessary to show that the insane spouse has been a patient in any mental hospital or institution continuously for the five years. The statute would rather put the test upon the three physicians who must agree that the spouse is incurably insane.

We know that the Topeka State Hospital has not been filled to capacity for some time since many of its patients are allowed to live outside as "out patients." Under modern methods of treatment of mental illness, it would be a most severe case where the patient was confined during all of the first five years.

We believe the trial court erred in passing upon the statute and that the demurrer of the guardian should be overruled. It is our opinion that the husband is entitled to a divorce if three court-appointed physicians agree that the wife is incurably insane. The order sustaining the demurrer is reversed and the case remanded for further procedure in keeping with the above opinion.

PARKER, C. J., and ROBB, J., dissent.