No. 47,510

RICHARD LEE McGOWEN; PAT RICHARD FULKERSON; LONNIE DALE YARNELL; GEORGE C. LOCKWOOD; GENE SEARS; STEVE HINES; and TOM CURRIE, *Appellants,* v. SOUTHWESTERN BELL TELEPHONE COMPANY, *Appellee.*

(529 P. 2d 97)

Opinion filed December 7, 1974.

*J. Michael Smith,* of Rock and Smith, of Arkansas City, argued the cause and was on the brief for the appellants.

*Robert A. Lewis,* of Topeka, argued the cause, and *T. Larry Barnes* and *Philip McConnell,* both of Topeka, were with him on the brief for the appellee.

The opinion of the court was delivered by

KAUL, J.: This is an action by employees against a corporation to recover wages and statutory penalties under the provisions of K. S. A. 44-301, *et seq.,* [Repealed, Laws of 1973, now K. S. A. 44-313, *et seq.*]. The underlying question presented is whether plaintiffs' claims fall within the contemplation of K. S. A. 44-306.

Southwestern Bell Telephone Company (defendant-appellee) is a public utility providing communications services to the public in the State of Kansas.

Plaintiffs-appellants were employees of D & M Cable Company. D & M contracted with Southwestern Bell Telephone Company, defendant-appellee, to construct and install an underground telephone cable. The contract was terminated before completion of the project by D & M. At the time of the contract termination, the wages in question were due plaintiffs from D & M and re-

mained unpaid. Pursuant to the provisions of 44-306 plaintiffs made a demand for payment of the wages on defendant Southwestern Bell. Defendant refused the demand and this litigation was instituted.

After issues were joined by the pleadings both parties filed motions for summary judgment on the liability of defendant under 44-306. The parties stipulated to all material facts, submitted briefs, and made oral arguments to the trial court concerning the applicable law. The trial court entered judgment that plaintiffs were not entitled to recover from defendant for the unpaid wages owed them by D & M and this appeal ensued.

The journal entry of judgment indicates that the only issue presented to, and determined by, the trial court was the liability of defendant under 44-301, *et seq.* The sections of the statute referred to which are relevant to this action were repealed in 1973. (See Laws of 1973, Chapters 203 and 204.) The critical statute in effect at the time and bearing upon the precise issue before us in this case is 44-306 which reads:

"Whenever any such corporation shall contract any or all of *its work* to any contractor, then it shall become the duty of such corporation to provide that the employees of such corporation or contractor shall be paid according to the provisions of this act, and such corporation shall become responsible and liable to the employees of such contractor in the same manner as if said employees were employed by such corporation." (Emphasis supplied.)

The statute as revised and reenacted in 1973 now appears as K. S. A. 44-317.

On appeal plaintiffs state their position in these terms:

"The stipulation clearly sets forth the fact that work of Southwestern Bell was in fact contracted to D & M. That being the case, Southwestern Bell *must be found to be liable* in such amounts and with or without penalty as further evidence would reveal due.

"This statute is not unfair. It could have been met by Southwestern Bell, either overseeing the payment of wages or by requiring a bond of its contractor. When it failed to do either, it assumed the risk of paying wages to the workmen installing the network of lines."

Defendant, on the other hand, contends that 44-306 applies only when a corporation contracts with a contractor to perform "its work", which means, defendant claims, the statute would only apply to it when it contracts with a contractor to furnish telephone service in some of its certificated telephone exchanges. We agree with defendant that the determination of the issue in this case depends upon the meaning to be given the words "its work" as used in the

statute; however, we cannot agree with the narrow definition of the words proposed by defendant.

The only case before this court in which 44-306 was involved is *Brewer v. Kansas Electric Power Co.,* 148 Kan. 434, 83 P. 2d 103. Both parties argue that our decision in *Brewer* supports their respective positions herein. After a careful reading of the opinion in *Brewer,* we are convinced the holding therein fails to support either party with respect to the issue presented in the instant case. In *Brewer* Kansas Electric Power Company owned a franchise granted by the City of Emporia to operate a motorbus transportation system, the operation of which was delegated, by a written contract, to Reeves and Callison, a partnership. Brewer, an employee of Reeves and Callison, sued Kansas Electric Power Co. pursuant to 44-306 for wages due from Reeves and Callison, which were unpaid. The defense was that Reeves and Callison were lessees or assignees of a franchise rather than contractors who were doing work for Kansas Electric Power Co. In the opinion the issue was stated in these terms:

". . . The question here is whether they [Reeves and Callison] should be regarded as contractors, in the instant case, in view of the apparent intent and purpose of the act in question. . . ." (p. 437.)

The decision, holding for Brewer, does not deal with the issue presented in the instant case. The fact that Kansas Electric Power Co. had delegated the operation of its franchised business by contract was only incidental to the decision and not the basis of the court's holding as defendant herein contends. The decision turned on the issue whether Reeves and Callison should be regarded as contractors.

Since *Brewer,* the only case dealing with 44-306, is of no avail; we must look elsewhere for authority which sheds light on the issue presented. K. S. A. 44-503 deals with compensation rather than wages and is couched in language different from that appearing in 44-306. However, we believe the import and purposes of the two statutes are of significant similarity. The purpose of 44-503 is to give employees of a subcontractor a remedy against the principal and to prevent employers from evading liability under the Workmen's Compensation Act by the device of contracting with outsiders to do part of the work which is undertaken by the principal. (*Durnil v. Grant,* 187 Kan. 327, 356 P. 2d 872; *Lessley v. Kansas Power & Light Co.,* 171 Kan. 197, 231 P. 2d 239; and *Bailey v.*

*Mosby Hotel Co.,* 160 Kan. 258, 160 P. 2d 701.) The general purpose of K. S. A. 44-301, *et seq.,* is to aid an employee of a contractor in the enforcement of his rights to earned—but unpaid—wages by providing for penalties against any corporation which fails to pay such wages under conditions prescribed by the statute. K. S. A. 44-306, like 44-503 with respect to a principal, is intended to prevent a corporation from evading liability for unpaid wages by contracting away its work.

We see little difference in the import of a corporation contracting away "its work" under 44-306 and a principal contracting "away any work which is a part of his trade or business" as phrased in 44-503. The meaning of the latter phrase has been considered by the court in numerous cases (See annotations, notes 11-24, following K. S. A. 44-503.) Many cases, in which the language in 44-503 is tested against the facts presented, are summarized in *Lessley v. Kansas Power & Light Co.,* supra, wherein the court concluded with this statement:

". . . In the final analysis the acid test to be applied is whether the work contracted to be done was a part of appellee's (Kansas Power & Light Co.) trade or business. . . ." (p. 206.)

With respect to the issue before us the only factual difference between *Lessley* and the case at bar is that the former dealt with the right to compensation of employees of a contractor while here we are concerned with the rights of contractor's employees to wages. In *Lessley* the principal was a public utility engaged in the production, transmission and sale of electricity. The work contracted was the construction and installation of an additional power production unit consisting of necessary building additions, installation of a steam boiler and other auxiliary equipment incidental or appurtenant thereto. In determining the work contracted was a part of the principal's trade or business—the court made this statement:

". . . Under the decisions to which we have just referred we have little difficulty in concluding, in fact it is a matter of common knowledge, that steam boilers, turbines, generators and other equipment, as well as a building in which to house them, are a part of the integral equipment necessary to the operation of the business of a public utility which is engaged in the production, transmission, and sale of electricity. . . ." (p. 208.)

In the case at bar, it is beyond question that an underground telephone cable is integral equipment necessary to the operation of the business of a public utility engaged in providing communica-

tion services to the public and that the installation of such a cable is clearly a part of "its work."

Defendant directs our attention to the new statute K. S. A. 44-317, a revision of 44-306. Defendant argues that 44-317 is only the recognition and continuation of the existing law and since it is written in the concept of contractor-subcontractor it should be considered by us as indicating legislative intention with respect to 44-306. The portion of 44-317 pertinent to defendant's argument appears in the first sentence—it reads:

"Whenever any person responsible pursuant to a contract for the performance of any work has subcontracted the performance of all or any part of such work, such responsible person shall be civilly liable to the employees of the subcontractor for wages due on account of the performance of work covered by the contract, but only if and to the extent that the subcontractor fails to pay such wages. . . ."

It is a fundamental rule of law that a change in phraseology or the deleting of a phrase in amending or revising a statute raises a presumption that a change of meaning was also intended by the legislature. (*Safeway Stores, Inc. v. Director of Revenue*, 211 Kan. 594, 506 P. 2d 1124; *Katz v. Katz*, 191 Kan. 500, 382 P. 2d 331; *Meenen v. Meenen*, 180 Kan. 779, 308 P. 2d 158; and *Leslie v. Reynolds*, 179 Kan. 422, 295 P. 2d 1076.) The application of 44-306 was not limited to a contractor-subcontractor situation, apparently the legislature thought such a limitation desirable and effected it by the revision of 44-306 in the enactment of 44-317. We are not persuaded by defendant's argument in this regard.

Finally, defendant advances an argument that plaintiffs should not be permitted to recover for the reason that the repealed statute (44-306) was unconstitutional since it directed its proscriptions to corporations only. There is no indication in the record that this point was ever considered by the trial court and, of course, it was not included in points designated on appeal. This court has long adhered to the rule that ordinarily it will not consider, on appellate review, any issues including constitutional issues which were not presented to, and decided by, a trial court, or which were not included in the statement of points. (*Kansas State Board of Healing Arts v. Seasholtz*, 210 Kan. 694, 504 P. 2d 576; *National Van Lines v. Jones*, 192 Kan. 338, 388 P. 2d 660; and *Newson v. City of Wichita*, 186 Kan. 444, 351 P. 2d 10.)

The judgment is reversed and the case remanded for further proceedings.