741 P.2d 948 (1987)
RDG ASSOCIATES/JORMAN CORPORATION, Plaintiff and Respondent,
v.
The INDUSTRIAL COMMISSION OF UTAH, Defendant and Appellant, and
Atkinson, Eddy R., et al., Employees.
No. 860003.
Supreme Court of Utah.
August 13, 1987.
*949 John T. Anderson, Salt Lake City, for plaintiff and respondent.
Theodore L. Cannon, Jay Stone, Salt Lake City, for defendant and appellant.
STEWART, Associate Chief Justice:
This is an appeal from a summary judgment entered by the district court against the Industrial Commission in an action to enforce its orders against RDG Associates/Jorman Corporation (RDG) for wages not paid by T & K Steel, Inc. (T & K), to its employees. The issue is whether an owner-developer of land who contracts with a builder for the construction of an improvement on the owner's land is liable for the unpaid wages of the builder's employees under the Utah Wage Payment Statute, Utah Code Ann. § 34-28-8 (1974).
Sixty-three employees of T & K assigned their rights to unpaid wages to the Industrial Commission for collection pursuant to § 34-28-13. The employees worked for T & K while it performed a construction contract for RDG, an owner-developer of land.
RDG is a limited partnership formed to acquire, hold, develop, operate, and manage certain real property located in Park City, Utah. RDG, which is not a licensed contractor, entered into a written contract with T & K for the latter to construct twenty-seven condominium units to be known as Phase III of The Pinnacle at Deer Valley. T & K commenced construction, but before completion of the project, the parties mutually rescinded the construction contract. All amounts owed by RDG to T & K that had accrued under the contract were paid in full on or before the date the contract was terminated. T & K, however, did not fully pay its employees the wages they had earned on the project.
The Industrial Commission entered three orders holding RDG and T & K jointly and severally liable for the unpaid wages totaling $22,401.33. RDG's liability was based on the wage payment statute, which imposes liability for unpaid wages on any person who contracts with "another for the performance of work."[1] RDG petitioned for *950 review by trial de novo in the district court pursuant to § 34-28-9 by filing notices of appeal, but it did not file appeal bonds.
In the district court, the Industrial Commission filed a motion to dismiss the appeal for failure to file cost bonds and a motion for partial summary judgment. RDG filed a cross-motion for summary judgment. The issue on the motion for partial summary judgment was the scope of the wage payment statute in imposing liability for employees' wages on someone other than the employer. The district court adopted a narrow construction of the statute and held RDG not liable because it found that RDG is not a licensed contractor and is not regularly engaged in the construction business. The Industrial Commission appeals.
The Industrial Commission argues that RDG did not perfect its appeal to the district court because it failed to file appeal bonds and, therefore, the district court was without jurisdiction to hear the appeal. The Commission also urges that we adopt a literal interpretation of § 34-28-8. We reverse and remand for a factual determination.

I.
We turn first to the contention that the review proceeding in the district court was not perfected and should have been dismissed. Rule 73(k), Utah R.Civ.P., reads in relevant part as follows:
At the time of filing the notice of appeal [to the district court], the appellant shall file with such notice a bond for costs on appeal in accordance with the provisions of Rule 73(c), except that the amount of such bond shall be $100.00.
Rule 81(d) makes the Rules of Civil Procedure applicable to appeals to the district courts from orders of administrative agencies. Therefore, the Industrial Commission argues that RDG's failure to file a cost bond required the dismissal of the review proceeding in the district court. This argument is without merit. Assuming, without deciding, that the action in the district court is an appeal, even though § 34-28-9(3) refers to a review proceeding as being a trial de novo, see generally University of Utah v. Industrial Commission, 736 P.2d 630 (Utah 1987) (Durham, J., concurring), we hold in accord with prior cases that the failure to file an appeal bond is not jurisdictional, although it may be grounds for dismissal of an appeal in appropriate circumstances. Mountain States Telephone & Telegraph Co. v. Atkin, Wright & Miles, Chartered, 681 P.2d 1258, 1264 (Utah 1984). There are no circumstances that warrant dismissal in this case.

II.
The meaning of the wage payment statute constitutes the crux of this appeal. See footnote 1 for the complete text of the statute. The Industrial Commission contends that the statute should be interpreted literally and that the judgment of the district court should be reversed. RDG asserts that a literal interpretation of the statute could produce absurd results. It argues, for example, that the statute would impose liability on a homeowner who takes a lawnmower into a repair shop if an employee who fixes the lawnmower is not paid by the shop owner.
To avoid that result, RDG contends that the statute should be construed to have a meaning similar to the statute which preceded it. The section was amended in 1941 to read as it does now. The predecessor statute, Utah Rev.Stat.Ann. § 49-9-10 (1933 and Supp. 1939), read as follows:
(a) Whenever an employer shall contract with another, herein called the subcontractor, for the performance of the employer's work, then it shall be the duty of such an employer to provide in such contract that the employees of the subcontractor shall be paid according to the provisions of this act; and in the event that such contractor shall fail to pay wages to his employees as specified in *951 this act, such employer shall become civilly liable to the employees of the subcontractor to the extent that such work is performed under such contract in the same manner as if said employees were directly employed by such employer.
The Legislature clearly intended to change the law when the language currently found in § 34-28-8 was substituted for that found in § 49-9-10, i.e., the word "employer" was changed to "any person"; the term "employer's work" to "work"; and all use of the word "subcontractors" was eliminated from the text.[2]
We are obliged to presume that a significant change in the words of the statute by the Legislature was intended to effectuate a change in interpretation. Brousseau v. Fitzgerald, 138 Ariz. 453, 455, 675 P.2d 713, 715 (1984); People v. Dillon, 34 Cal.3d 441, 467, 194 Cal. Rptr. 390, 405, 668 P.2d 697, 712 (1983); Lincoln County v. Fidelity & Deposit Co. of Maryland, 102 Idaho 489, 491, 632 P.2d 678, 680 (1981); McGowen v. Southwestern Bell Telephone Co., 215 Kan. 887, 891, 529 P.2d 97, 100 (1974).
Moreover, a proper construction of the statute must further its purposes. American Coal Co. v. Sandstrom, 689 P.2d 1, 4 (Utah 1984); Board of Education v. Salt Lake County, 659 P.2d 1030, 1033 (Utah 1983); Stahl v. Utah Transit Authority, 618 P.2d 480, 482 (Utah 1980). Clearly, the purpose of the statute is to provide certain types of wage earners with broad protection against employers who do not pay for labor performed. The question is, how broadly did the Legislature intend to cast its protective net?
We agree with RDG that a strictly literal interpretation of the statute could produce results which would be absurd and hence were not, in our view, intended. Consequently, the literal scope of the statute must be narrowed. Millett v. Clark Clinic Corp., 609 P.2d 934, 936 (Utah 1980); Curtis v. Harmon Electronics, Inc., 575 P.2d 1044 (Utah 1978); Snyder v. Clune, 15 Utah 2d 254, 255, 390 P.2d 915, 916 (1964).
RDG contends that the purpose and scope of the wage payment statute is similar to the purpose and scope of the "statutory employee" provision of the Workmen's Compensation Act, § 35-1-42(3)(b). RDG relies for this construction on McGowen v. Southwestern Bell Telephone Co., 215 Kan. 887, 529 P.2d 97 (1974). In McGowen, the Kansas Supreme Court held that its wage payment statute has essentially the same purpose as the Kansas workmen's compensation statutory employee provision. Both are intended to provide protection to employees when their employer does not or cannot provide the statutory protection for wages and workmen's compensation benefits by the device of contracting away part of the employer's work to outsiders.
Utah Code Ann. § 35-1-42(3)(b), the statutory employee section of the Utah Workmen's Compensation Act, reads:
Where any employer procures any work to be done wholly or in part for him by a contractor over whose work he retains supervision or control, and this work is a part or process in the trade or business of the employer, the contractor, all persons employed by him, all subcontractors under him, and all persons employed by any of these subcontractors, are considered employees of the original employer.
This section makes a person liable for workers' compensation benefits if the employer contracts with a contractor to perform work through the contractor's employees which is a "part or process" of the trade or business of the person who let the contract. Under the statute, the contractor's employees are also deemed to be the employees of the person letting the contract. See Bennett v. Industrial Commission, 726 P.2d 427 (Utah 1986); Pinter Construction Co. v. Frisby, 678 P.2d 305 (Utah 1984); Lee v. Chevron Oil Co., 565 P.2d 1128 (Utah 1977). In Lee, we defined "part or process" as follows:
"If the work is of such a character that it ordinarily or appropriately would be performed *952 by the principal employer's own employees in the prosecution of its business, or as an essential part in the maintenance thereof, it is a part or process of his work."
Id. at 1131 (quoting King v. Palmer, 129 Conn. 636, 641, 30 A.2d 549, 552 (1943)). Moreover, if the work performed is a part or process of the employer's business, an inference arises that the employer has retained supervision and control over the work. Bennett, 726 P.2d at 432.
In construing the wage payment statute to include both contractor-subcontractor's employee relationships and statutory employer-employee relationships, we give a broader construction to the wage payment statute than it had prior to the 1941 amendment, as the Legislature clearly intended, and at the same time, we avoid an unreasonably broad construction. This interpretation is also consistent with the express language of wage payment statutes of other states. See Del. Code Ann. tit. 19, § 1105 (1985); N.H. Rev. Stat. Ann. § 275:46 (1977); Okla. Stat. Ann. tit. 40, § 165.6 (West 1986); W. Va. Code § 21-5-7 (1985). See also Kan. Stat. Ann. § 44-317 (1986); Nev.Rev.Stat. § 608.150 (1986).
The Industrial Commission concedes that this interpretation is reasonable, but it contends that a question of fact exists as to whether the construction of condominium units is part or process of the trade or business of RDG. We agree. RDG is not a licensed contractor, but the question whether constructing condominium units could be construed to be a part or process of RDG's trade or business is a question of fact that must be resolved by the trial court. Accordingly, further proceedings are necessary.
Reversed and remanded.
HALL, C.J., and DURHAM and ZIMMERMAN, JJ., concur.
HOWE, J., concurs in the result.
NOTES
[1] Utah Code Ann. § 34-28-8 (1974) reads as follows:

Whenever any person shall contract with another for the performance of work, then it shall be the duty of such person to provide in the contract that all wages earned pursuant to the contract shall be paid in accordance with the provisions of this chapter, and in the event that any wages earned under the contract shall not be paid as required in this act, such person shall be civilly liable for all wages for work performed under such contract in the same manner as if the employees entitled to such wages were directly employed by such person.
[2] Compare note 1 supra.